**COMMONWEALTH of Pennsylvania, Appellee**

v.

**Warren NEWTON, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 3, 2005.
Filed April 26, 2005.
Reargument Denied July 1, 2005.

time as the Court of Chancery may determine not to exceed 10 years after the date of dissolution.").

John Packel, Public Defender, Philadelphia, for appellant.

Hugh J. Burns, Jr., Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before: DEL SOLE, P.J., BOWES and BECK, JJ.

BOWES, J.:

¶ 1 Warren Newton appeals *nunc pro tunc* from the August 7, 2002 judgment of sentence imposed after the trial court revoked his parole and probation. We affirm.

¶ 2 The relevant procedural history follows: On December 6, 1999, Appellant pled guilty to receiving stolen property after he was arrested for operating an automobile that had been reported stolen three days earlier. On February 2, 2000, the trial court imposed a judgment of sentence of twenty-three months imprisonment with credit for time served followed by one year of reporting probation. Appellant immediately was paroled.

¶ 3 Thereafter, Appellant failed to report to his probation officer and ultimately was apprehended in New Jersey. During the August 7, 2002 *Gagnon II* revocation hearing, the revocation court determined that Appellant violated the terms of his parole and reinstated the balance of the original sentence. The court also revoked Appellant's probation and imposed a one-to-two-year term of imprisonment.

¶ 4 On September 6, 2002, after the revocation court denied post-sentence relief, Appellant filed a timely direct appeal. However, on October 10, 2002, that appeal was discontinued. Thereafter, on July 10, 2003, Appellant mailed a timely *pro se* PCRA petition, which was docketed on August 4, 2003, asserting, *inter alia,* appellate counsel's ineffectiveness for failing to perfect the appeal. Appointed counsel filed an amended petition, and on March 26, 2004, the PCRA court reinstated Appellant's direct appeal right *nunc pro tunc.*

¶ 5 Appellant raises a single issue: "Is not a new sentencing hearing required where the sentencing court, in contravention [of] Pa.Crim.P[.] 708(C)(1), and in violation of [A]ppellant's state and federal

due process rights, failed to accord [A]ppellant his right to allocution." Appellant's brief at 3. Since the record demonstrates that Appellant was granted his right of allocution, we affirm the judgment of sentence.

¶ 6 The right of allocution prior to the imposition of sentence following parole or probation revocation is guaranteed by Pa. R.Crim.P. 708(C)(1), which provides that "[a]t the time of sentencing, the judge shall afford the defendant the opportunity to make a statement in his or her behalf and shall afford counsel for both parties the opportunity to present information and argument relative to sentencing." *See also* Pa.R.Crim.P. 704(C)(1) (formerly Rule 1405(a)) (identical provision relating to allocution during sentencing generally).

¶ 7 In *Commonwealth v. Thomas,* 520 Pa. 206, 553 A.2d 918 (1989), our Supreme Court held that pursuant to Rule 1405(a), a criminal defendant has an absolute right to address the trial judge before imposition of sentence and that the defendant has to be advised of his right of allocution prior to sentencing. Consistent with *Thomas,* this Court has adhered to the principle that a defendant who is not permitted to address the trial judge prior to sentencing is automatically entitled to a new sentencing hearing. *See Commonwealth v. Hague,* 840 A.2d 1018 (Pa.Super.2003); *Commonwealth v. Barzyk,* 692 A.2d 211 (Pa.Super.1997); *Commonwealth v. Anderson,* 412 Pa.Super. 527, 603 A.2d 1060 (1992).

¶ 8 As a preliminary matter, we address the Commonwealth's argument that Appellant's claim is waived because it was not raised at the sentencing hearing or in a post-sentence motion. *See* Pa. R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). For reasons discussed *infra,* we hold that the issue is subject to appellate review, notwithstanding Appellant's failure to raise it in the trial court, because it relates to the legality of his sentence.

¶ 9 With respect to sentencing issues, Pa.R.A.P. 302(a) is often cited in conjunction with Pa.R.Crim.P. 720, which provides, *inter alia,* that after sentencing, a defendant has the right to file a post-sentence motion to modify sentence. However, although Rule 720 characterizes such motions as optional, it states that if no post-sentence motion is filed, only issues raised in the trial court "before or during trial" will be deemed preserved for appellate review. Pa.R.Crim.P. 720(B)(1)(c). Thus, in *Commonwealth v. Jarvis,* 444 Pa.Super. 295, 663 A.2d 790 (1995), this Court held that an objection to a discretionary aspect of a sentence is waived if not raised in a post-sentence motion or during the sentencing hearing. In reaching that conclusion, the *Jarvis* Court observed:

The modifications to Rule 1410 [(presently Rule 720)] have not altered the requirement of Rule of Appellate Procedure 302 which states that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P., Rule 302(a), 42 Pa. C.S.A. *See Commonwealth v. Krum,* 367 Pa.Super. 511, 513–15, 533 A.2d 134, 135–36 (1987) (*en banc*) (issues not going to the legality of a sentence are waived if they have not been raised via oral or written motion to modify sentence prior to appeal). Because appellant never provided the trial judge with the opportunity to reconsider or modify sentence, this issue is waived. Appellant may not challenge the discretionary aspects of her sentence for the first time on appeal.

*Id.* at 791–92 (footnote omitted). In light of *Jarvis,* the relevant inquiry in the case

at bar is whether Appellant's allocution claim relates to a discretionary aspect of his sentence; if so, then it is waived for failure to raise it in the trial court. However, if the claim implicates the legality of Appellant's sentence, we can review it on the merits. *Krum, supra; see also Commonwealth v. Redman,* 864 A.2d 566 (Pa.Super.2004) (in general, challenges to legality of sentence cannot be waived).

¶ 10 Despite extensive research, we have been unable to locate any case law handed down after *Commonwealth v. Thomas, supra,* that supports the Commonwealth's waiver position. Conversely, our decision in *Commonwealth v. Barzyk,* 692 A.2d 211 (Pa.Super.1997), suggests that a defendant can appeal a denial of his right of allocution as of right. The defendant in *Barzyk* appealed his harassment conviction, alleging, *inter alia,* that he had been denied his right of allocution. We addressed the claim on the merits without inquiring as to whether it had been raised in the trial court, noting that under *Thomas, supra,* the defendant had to be informed of his right of allocution and afforded an opportunity to speak on his own behalf prior to imposition of sentence. As suggested by the *Barzyk* Court, we conclude that Appellant's claim is appealable as of right because the issue implicates the legality of his sentence.

 ¶ 11 A sentence may be deemed illegal for various reasons. *See, e.g., Commonwealth v. Mariani,* 2005 PA Super 25, 869 A.2d 484 (failure to determine amount of restitution at sentencing hearing resulted in illegal sentence); *Commonwealth v. Beck,* 848 A.2d 987 (Pa.Super.2004) (allegation that trial court failed to award credit for time spent in custody prior to sentencing implicated legality of sentence); *Commonwealth v. Edrington,* 780 A.2d 721 (Pa.Super.2001) (failure to impose mandatory minimum term of imprisonment resulted in illegal sentence). Thus, a sentence will be found to be illegal if it conflicts with statutory authority. *See Commonwealth v. Lipinski,* 841 A.2d 537, 539 (Pa.Super.2004) (a sentence that lacks statutory authorization is "illegal and subject to correction"). Another legality-of-sentence construct is the doctrine of merger, which was developed in an effort to prevent the imposition of multiple punishments upon a defendant for a single criminal act. *See Commonwealth v. Gatling,* 570 Pa. 34, 807 A.2d 890 (2002). The merger doctrine is not governed by statute; it is grounded on double jeopardy safeguards afforded by the Fifth Amendment to the United States Constitution and thereby imparts the question of the sentence's legality. *See Commonwealth v. Frisbie,* 506 Pa. 461, 485 A.2d 1098 (1984).

¶ 12 The issue presented herein implicates a longstanding procedural rule promulgated by the Pennsylvania Supreme Court pursuant to its administrative powers delineated in Article V, section 10(c) of the Pennsylvania Constitution; therefore, while Pa.R.Crim.P. 708(C)(1) is not a statutory mandate, it is a rule of court created in accordance with constitutionally-granted authority. Further, our Supreme Court has indicated that the right of allocution is of paramount importance, and it has unequivocally stated that the sentencing court has a mandatory duty to advise a defendant of his right of allocution and that a defendant who establishes a violation need not demonstrate prejudice in order to obtain relief. *Thomas, supra.* In view of these considerations, we hold that an alleged denial of a defendant's right of allocution relates to the legality of sentence, and therefore, noncompliance with Pa.R.A.P. 302(a) is immaterial.

 ¶ 13 We now turn to the substance of Appellant's argument that he was denied his Rule 708(C)(1) right of allocution.

The record belies Appellant's contention. The following exchange occurred during the revocation hearing.

> The Court: Mr. Newton, you wanted to address me. I saw you raising your hand a couple of times. What would you like to say, sir?
>
> The Defendant: Well, I know my past isn't so great, but I been trying to handle that because I know I still have stuff that's holding me. This all is from my past, even this right here.
>
> The Court: Well, yesterday was your past, right?
>
> The Defendant: Yes. So, you know, I am just trying to do better. So it's up to you.
>
> The Court: Well you had from February of 2000 in which to pay [the victim] $50 [restitution], Mr. Newton. [Fifty dollars], and you paid zip. So at this time—when did you issue the wanted cards for [Appellant]?
>
> [Assistant District Attorney]: August 2000, August 16th, 2000.
>
> The Court: At this time[,] your parole is revoked. You're ordered to serve the balance of your back time. Your probation is revoked, and the new sentence is not less than one year nor more than two years, and that will be consecutive to your back time. So the detainer is lifted. The costs and restitution remain, and those will come out of your prison account. Can you please give your client his rights?

N.T. *Gagnon II* Hearing, 8/7/02, at 17.

¶ 14 Without referencing relevant case law, Appellant contends that he effectively was denied his right of allocution solely because the court did not invite Appellant to address the court a second time immediately after it determined that Appellant violated the terms of his parole and probation and before the imposition of sentence.

Specifically, Appellant argues that Appellant "was denied the opportunity to allocate, because the opportunity to address a court *prior* to sentencing does not equate to the opportunity to address a court *as to* sentencing." Appellant's brief at 13. We are not persuaded by Appellant's argument.

¶ 15 Under the circumstances of this case, Appellant's assertion merely highlights a distinction without difference. The purpose of the right of allocution is to afford a defendant the opportunity to face the court in an unfiltered exchange and possibly to sway the court before sentence is imposed. *See Hague, supra* (significance of right is potential to sway court toward leniency); *Barzyk, supra* (allocution permits defendant to address court directly). Herein, Appellant was invited to address the court seconds before his sentence was imposed. Indeed, Appellant attempted to persuade the court that he was getting his life in order—a claim the trial court specifically rejected, stressing that Appellant still had not paid the paltry amount of restitution. Hence, we concluded that the court did not frustrate the purpose of Rule 708(C)(1) in this case. As the Commonwealth notes, Appellant's formalistic argument to the contrary promotes form over substance.

¶ 16 Judgment of sentence affirmed.

¶ 17 Judge BECK Concurs in the Result.