**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Benjamin Alexander RAPHAEL, Appellant.**

Superior Court of Pennsylvania.

Submitted March 7, 2005.

Filed July 19, 2005.

John Ciroli, Jr., Public Defender, Pittsburgh, for appellant.

Michael W. Streily, Deputy District Attorney, Pittsburgh, for Commonwealth, appellee.

Before: DEL SOLE, P.J., FORD ELLIOTT and TAMILIA, JJ.

OPINION BY DEL SOLE, P.J.:

¶ 1 This is an appeal from the judgment of sentence imposed following the revocation of Appellant's probation. Appellant presents one issue for our review: whether the court imposed an illegal sentence when it resentenced Appellant to consecutive terms of imprisonment where his original plea agreement called for concurrent sentences. This case is directly impacted by two recent Pennsylvania decisions. We affirm.

■ ¶ 2 We first note that Appellant's claim is arguably waived for failure to raise it either at sentencing or in a post-sentence motion. *See* Pa.R.A.P. 302(a); Pa.R.Crim.P. 720; *Commonwealth v. Newton,* 2005 PA Super 150, ¶ 9, 875 A.2d 1088, 1090–91. Appellant characterizes his claim as an unwaivable, citing *Commonwealth v. Anderson,* 434 Pa.Super. 309, 643 A.2d 109 (1994) and its progeny for the proposition that where the trial court fails to comply with a plea agreement's sentencing terms, the sentence is illegal.[1] This proposition and line of cases was recently called into question in *Commonwealth v. Berry,* 2005 PA Super 219. Therein, a panel of this Court concluded that the appellant's claim

that the trial court violated his plea agreement by imposing consecutive sentences did not implicate the legality of his sentence because it was not based on a statute or a claim of double jeopardy. The *Berry* court acknowledged the *Anderson* line of cases, but found that *Anderson*'s limited analysis of this issue was based on a now-repealed Rule of Criminal Procedure and was not applicable.

■ ¶ 3 We will nonetheless briefly address Appellant's argument on its merits. Interestingly, the argument is wholly based on another part of the *Anderson* case, and that part has recently been overruled by our Supreme Court. Preliminarily, we note that the record in this case provides an unclear picture of if and on what terms the trial court accepted the plea agreements alleged. We need not decipher the record, however, because even if we accept Appellant's version of events, that the trial court accepted negotiated plea agreements for all charges in the underlying cases and that the terms of the agreements called for concurrent sentences such that the holding of *Anderson* is implicated, as he argues, he would not be entitled to relief.

¶ 4 In *Anderson,* the trial court revoked concurrent terms of probation imposed pursuant to a negotiated plea agreement and resentenced the defendant to consecutive terms of imprisonment, the total maximum time of which exceeded the original sentence's maximum. The *Anderson* court held:

the trial court was without authority in this case to alter the sentencing scheme from concurrent to consecutive sentences when resentencing upon probation revocation. In so doing, the trial court imposed a sentence that directly

---

1. Generally, challenges to the legality of a sentence can not be waived. *Newton,* 2005 PA Super 150, ¶ 9, 875 A.2d 1088, 1090–91.

abrogated the accepted and enforced plea agreement and exceeded the maximum limit of the original sentence.

*Anderson,* 643 A.2d at 114–15.

¶ 5 The basis for the *Anderson* holding was the theory that when imposing a resentence following revocation of probation, a trial court's sentencing powers were limited by the terms of the plea agreement from the original sentencing. This holding has been the subject of other panels of this Court's questions and criticism;[2] recently, our Supreme Court ended the debate with the following discussion of the error of *Anderson*'s ways:

> It is clearly stated in the Sentencing Code not only that the court may revoke a defendant's probation if appropriate, but also that "upon revocation the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing." 42 Pa.C.S. § 9771 (emphasis added). Likewise, this Court has explicitly stated that "upon revocation of probation, the court possesses the same sentencing alternatives that it had at the time of the initial sentencing." *Commonwealth v. Pierce,* 497 Pa. 437, 441 A.2d 1218, 1219 (Pa.1982). As it is well established that the sentencing alternatives available to a court at the time of initial sentencing are all of the alternatives statutorily available under the Sentencing Code, these authorities make clear that at any revocation of probation hearing, the court is similarly free to impose any sentence permitted under the Sentencing Code and is not restricted by the bounds of a negotiated plea agreement between a defendant and prosecutor.

*Commonwealth v. Wallace,* 870 A.2d 838, 842–43 (Pa.2005) (emphasis added) (footnote omitted). The *Wallace* court explained further:

> The rationale for giving the trial court such discretion upon resentencing is grounded in the nature of a negotiated guilty plea, which is a two-sided agreement that imposes obligations on both the defendant and the Commonwealth. On the one hand, the Commonwealth agrees not to prosecute the defendant to the full extent of the law and to recommend a circumscribed punishment. The defendant, on the other hand, accepts this benefit with the implicit promise that he will abide by the terms of the agreement and behave in accordance with the legal punishment imposed by the court. *See Commonwealth v. Coles,* 365 Pa.Super. 562, 530 A.2d 453 (Pa.Super.1987) (holding that the benefit of the bargain principle commonly applied to the prosecution is also equally applicable to the defendant and imparts upon him the obligation to abide by the negotiated terms of his sentence).
>
> Significantly, the court ensures that the Commonwealth upholds its end of the bargain. *See Commonwealth v. Zuber,* 466 Pa. 453, 353 A.2d 441, 458–59 (1976) (holding that "there is an affirmative duty on the part of the prosecutor to honor any and all promises made in exchange for a defendant's plea" and therefore, "it is well settled that 'where a plea bargain has been entered into and is violated by the Commonwealth, the defendant is entitled, at the least, to the benefit of the bargain' ") (quoting *Commonwealth v. Zakrzewski,* 460 Pa. 528, 333 A.2d 898, 900 (Pa.1975)). Further, the court demands that the defendant, in return, fulfill his own obligations under the plea agreement in order to retain

**2.** *See e.g. Commonwealth v. Fusselman,* 866 A.2d 1109 (Pa.Super.2004); *Commonwealth v. Adebaike,* 846 A.2d 759 (Pa.Super.2004).

the benefits granted to him in that bargain. As a result, if the defendant fails to satisfy his obligations, e.g., by violating probation, he necessarily forfeits any entitlement to a circumscribed punishment. As the Superior Court noted in *Commonwealth v. Coles,* to allow the defendant who breaches the bargain to keep the benefits conferred upon him by a plea agreement would "make a sham of the negotiated plea process and would give the defendant a second bite at his sentence." 365 Pa.Super. 562, 530 A.2d 453, 456 (Pa.Super.1987).

*Wallace,* 870 A.2d at 843 n. 6.

¶ 6 Finding that the Supreme Court has overruled the holding and rationale of *Anderson* upon which Appellant relies for his argument, we find the argument to be without merit.

¶ 7 Judgment of sentence affirmed.