J-S61029-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ZACHARY THOMAS SPADA | |
| Appellant | No. 592 WDA 2014 |

Appeal from the PCRA Order of March 18, 2014
In the Court of Common Pleas of Erie County
Criminal Division at No.: CP-25-CR-0001385-2011

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ZACHARY THOMAS SPADA | |
| Appellant | No. 593 WDA 2014 |

Appeal from the PCRA Order of March 18, 2014
In the Court of Common Pleas of Erie County
Criminal Division at No.: CP-25-CR-0003079-2010

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ZACHARY THOMAS SPADA | |
| Appellant | No. 594 WDA 2014 |

Appeal from the PCRA Order of March 18, 2014
In the Court of Common Pleas of Erie County
Criminal Division at No.: CP-25-CR-0003150-2010

BEFORE:  FORD ELLIOTT, P.J.E., WECHT, J., and STRASSBURGER, J.[*]

MEMORANDUM BY WECHT, J.:                    **FILED DECEMBER 18, 2014**

In this consolidated appeal,[1] Zachary Thomas Spada challenges the PCRA court's order denying him relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46.   Specifically, Spada challenges the constitutional effectiveness of counsel in connection with the entry of his guilty plea.   As well, Spada argues that the trial court erred when it sentenced him out of his presence.   We affirm.

The PCRA court has provided the following factual and procedural background:

> On August 24, 2011, [Spada pleaded] guilty to the following: at docket number 3079 of 2010, one count of harassment[2]; at docket number 3150 of 2010, one count each of terroristic threats and loitering and prowling at night[3]; and, at docket number 1385 of 2011, one count of harassment.

---

[*]    Retired Senior Judge assigned to the Superior Court.

[1]    Our *sua sponte* consolidation order was entered on May 16, 2014.  As well, on October 15, 2014, relying upon our Supreme Court's decision in ***Commonwealth v. Jette***, 23 A.3d 1032, 1044 & n.14 (Pa. 2011), we entered an order denying Spada's motion to proceed *pro se* because counsel already had filed a brief on Spada's behalf at that time.

[2]    ***See*** 18 Pa.C.S. § 2709.

[3]    ***See*** 18 Pa.C.S. §§ 2706 and 5506, respectively.

On October 13, 2011, [Spada] failed to appear at the scheduled sentencing hearing and was sentenced *in absentia* as follows: 3 to 12 months' imprisonment for harassment at docket number 1385 of 2011; a consecutive term of 3 to 12 months' imprisonment for harassment at docket number 3079 of 2010; and, at docket number 3150 of 2010, 6 to 12 months' [imprisonment] for terroristic threats, consecutive to the loitering and prowling sentence. [Spada] filed an untimely post-sentence motion which [the trial] court denied on October 26, 2011.

On November 14, 2011, [Spada] filed a notice of appeal, which the Pennsylvania Superior Court quashed because counsel failed to file a brief. [Spada] subsequently filed a timely PCRA petition, and [the PCRA] court granted [Spada] the right to file a *nunc pro tunc* post-sentence motion and direct appeal. After the denial of his post-sentence motion, [Spada] filed a timely direct appeal. On April 5, 2013, the Superior Court affirmed [Spada's] judgment of sentence. [Spada] thereafter filed a [p]etition [f]or [a]llowance of [a]ppeal with the Pennsylvania Supreme Court, which was denied on October 9, 2013.

On or about December 18, 2013, [Spada] filed a *pro se* PCRA petition and motion to amend[, which was docketed on December 20, 2013]. On December 30, 2012, [the PCRA court] appointed PCRA counsel and on February 7, 2014 PCRA counsel filed a supplement.

An evidentiary hearing was conducted by [the PCRA court] on March 3, 2014. At that time, both [Spada] and his plea/sentencing counsel . . . testified.

Trial Court Opinion ("T.C.O."), 3/18/2014, at 1-2.

On March 31, 2014, Spada, acting *pro se* despite the continuing representation of appointed PCRA counsel, filed a notice of appeal and a concise statement of the errors complained of on appeal, ostensibly pursuant to Pa.R.A.P. 1925(b), notwithstanding that the trial court did not direct him to do so. On April 11, 2014, PCRA counsel filed a notice of appeal on behalf of Spada. On that same day, the trial court entered a Rule 1925(a)

memorandum referring this court to its March 18, 2014 opinion. On May 12, 2014, this Court appointed Spada's PCRA counsel to continue his representation of Spada for purposes of appeal. On May 29, 2014, this Court dismissed Spada's *pro se* appeal, which was docketed at 525 WDA 2014, as duplicative.

Before this Court, Spada presents the following questions:

1.    Whether the PCRA court erred in denying PCRA relief in that defense counsel was ineffective in interfering with his ability to enter a no contest plea?

2.    Whether the PCRA court erred in denying PCRA relief in that defense counsel was ineffective in advising Spada to plead guilty to the loitering and prowling charge wherein a valid defense existed?

3.    Whether the lower court erred in denying PCRA relief in that Spada should not have been sentenced in absentia?

Brief for Spada at 2 (minor modifications for clarity). We review a PCRA court order to determine whether the order is "supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." ***Commonwealth v. Garcia***, 23 A.3d 1059, 1061 (Pa. Super. 2011) (citation omitted).

Spada's first two claims sound in ineffective assistance of counsel ("IAC") associated with his decision to plead guilty. Under the circumstances alleged, to establish a basis for collateral relief:

[A]ppellant must establish by a preponderance of the evidence that his conviction or sentence resulted from "a plea of guilty

- 4 -

unlawfully induced where the circumstances make it likely that the inducement caused an individual to plead guilty." 42 Pa.C.S. § 9543(a)(2)(iii). *See also Commonwealth v. Shekerko,* 639 A.2d 810, *alloc. denied,* 539 Pa. 677, 652 A.2d 1322 (1994) (because Shekerko pled guilty, the truth-determining process is not implicated under 42 Pa.C.S. § 9543(a)(2)(ii); thus, his [IAC] claim in context of guilty plea fell under [sub]section 9543(a)(2)(iii), concerning the lawfulness of his plea).

\* \* \* \*

[C]laims of counsel's ineffectiveness in connection with a guilty plea will provide a basis for relief only if the ineffectiveness caused an involuntary or unknowing plea. *Commonwealth v. Chumley*, 394 A.2d 497 (Pa. 1978), *cert. denied,* 440 U.S. 966 (1979). This is similar to the "manifest injustice" standard applicable to all post-sentence attempts to withdraw a guilty plea. *Commonwealth v. Fluharty*, 632 A.2d 312 (Pa. Super. 1993). The law does not require that appellant be pleased with the outcome of his decision to enter a plea of guilty: "All that is required is that [appellant's] decision to plead guilty be knowingly, voluntarily and intelligently made." *Commonwealth v. Myers*, 642 A.2d 1103, 1105 (Pa. Super. 1994).

*Commonwealth v. Yager*, 685 A.2d 1000, 1003-04 (Pa. Super. 1996) (some citations modified or omitted; footnotes omitted; emphasis in original).

The following time-honored standard applies to all IAC claims:

[I]n order to obtain relief based on [an IAC] claim, a petitioner must establish: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) petitioner suffered prejudice as a result of counsel's error such that there is a reasonable probability that the result of the proceeding would have been different absent such error.

*Commonwealth v. Reed*, 971 A.2d 1216, 1221 (Pa. 2005) (citing *Commonwealth v. Pierce*, 527 A.2d 973, 975 (Pa. 1987)). The petitioner

bears the burden of proving all three prongs of this test. **Commonwealth v. Meadows**, 787 A.2d 312, 319-20 (Pa. 2001). To that end, he "must set forth and individually discuss substantively each prong of the **Pierce** test." **Commonwealth v. Steele**, 961 A.2d 786, 797 (Pa. 2008).

In connection with his first issue, Spada dutifully and accurately sets forth the governing legal standard. Brief for Spada at 4-6. His attempt to apply that standard to the instant case, however, consists of one perfunctory paragraph, which provides, in its entirety, as follows:

> [Spada] asserted several claims implicating the validity of the plea proceeding and the integrity of the sentencing proceeding all derived from the conduct and omissions of [plea] counsel . . . . [Spada] testified that he wanted to enter pleas of no contest to the criminal charges but he was apprised by [plea] counsel that the Commonwealth would not accept pleas of that nature, which representation is without any patent plausibility thereby causing the inducement or coercion of the entry of guilty pleas contrary to the intentions of [Spada].

Brief for Spada at 7. Conspicuously absent from this argument, such as it is, is any discussion addressed to whether plea counsel had a reasonable basis for believing that the Commonwealth would have rejected such a plea and for advising Spada to that effect. As well, Spada does not materially argue that the omission prejudiced him. He does not contend that, had he entered pleas of nolo contendere to the same charges, he would have received a more lenient sentence. The PCRA court, which was also the sentencing court, suggested otherwise. **See** T.C.O. at 7 ("[A] plea of *nolo contendere* would not have affected [Spada's] sentence."). Spada also does not assert

- 6 -

that, had trial counsel advised him differently, Spada would have opted to go to trial.  Accordingly, Spada has established no basis upon which to rest a finding of ineffectiveness, and is not entitled to relief on this claim.

Spada's second issue concerns his claim that he had a valid defense to the prowling and loitering charge, specifically, that the sun had not set at the time of the incidents in question.  *See* Brief for Spada at 7.  Once again, Spada's argument is conclusory and does not adhere to the strictures of the ***Pierce*** test.  We will not construct a proper three-pronged argument for an appellant who has failed to do so himself.  This claim of IAC, too, lacks merit.

In his third issue, Spada contends that the trial court erred in sentencing him *in absentia*.  Once again, his argument consists of one conclusory paragraph.  That being said, evidently no one, including the PCRA court, disputes that Spada arrived for sentencing only a few minutes late, but that his presence did not come to the court's attention until a few minutes after the court had entered its sentence.  *See* T.C.O. at 8.  Notably, Spada cites no legal authority in support of his claim, and only by implication requests resentencing, although that would seem to be the obvious form of relief to seek.

More importantly, though, we can discern no reason that Spada could not have pursued this issue on direct appeal.  This is especially notable inasmuch as the only issue raised in Spada's direct appeal concerned the discretionary aspects of his sentence, which this Court rejected.  ***See***

*Commonwealth v. Spada*, 1321, 1322, 1323 WDA 2012 (Pa. Super. April 5, 2013) (unpublished memorandum). PCRA subsection 9543(a)(3) precludes consideration on collateral review of an allegation of error that could have been raised at some earlier time, including direct review. Nothing precluded Spada from challenging the propriety of the trial court sentencing him in his absence on direct appeal. Because he declined to do so then, he may not do so now.[4] *See Commonwealth v. Abdul-Salaam*,

---

[4] If this issue implicated the legality of sentence, it would not be waivable, and Spada could raise it at any time, including in the instant collateral proceeding. *See Commonwealth v. Jacobs*, 900 A.2d 368, 372 (Pa. Super. 2006) (*en banc*). Our Supreme Court long has held that the right to allocution (which is perhaps the only right of substance that Spada lost in this instance, since counsel was present at sentencing) is sacrosanct. *See Commonwealth v. Thomas*, 553 A.2d 918, 919 (Pa. 1989) ("The right to personally address the court prior to sentencing is of ancient origin. Often referred to as the 'ancient inquiry,' the practice originated in the English common law where, as early as 1689, any failure to permit a defendant to plead for mercy required reversal."). However, the bases for challenging sentences as illegal under Pennsylvania law are few. *See Jacobs*, 900 A.2d at 372-73 (enumerating examples). In *Commonwealth v. Newman*, 875 A.2d 1088 (Pa. Super. 2005), this Court held that "the sentencing court has a mandatory duty to advise a defendant of his right of allocution and that a defendant who establishes a violation need not demonstrate prejudice in order to obtain relief. In view of these considerations, we held that an alleged denial of a defendant's right of allocution relates to the legality of sentence," and a sentencing challenge raising that issue could not be waived. *Id.* at 1091. In *Jacobs*, however, an *en banc* panel of this Court overturned *Newton* in no uncertain terms. We explained that, "[p]rior to *Newton*, our appellate courts had not squarely ruled that a denial of the right of allocution is a non-waivable challenge to the legality of the sentence. Indeed, the sparse case law that did exist prior to *Newton* appears to be to the contrary." 900 A.2d 376 (footnote omitted). After reviewing related authorities, "we conclude[d] that a denial of the right of allocution does not create a non-waivable challenge to the legality of sentence." *Id.* Because
*(Footnote Continued Next Page)*

808 A.2d 558, 561 (Pa. 2001) (holding that PCRA claims that could have been raised on direct appeal are waived for purposes of PCRA relief). Thus, we may not grant relief on this issue.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/18/2014

---

(Footnote Continued) ————————

we can discern no basis to distinguish a challenge to a circumstance in which a tardy defendant who was represented by counsel was sentenced *in absentia* from a challenge to a denial of the right to allocution, the only apparent substantive privilege that Spada was denied in this case, we must conclude that the present challenge does not implicate the legality of sentence and was waived in this case.