J-S56022-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANDREW CLEVELAND | |
| Appellant | No. 46 MDA 2015 |

Appeal from the Judgment of Sentence June 19, 2012
In the Court of Common Pleas of Lackawanna County
Criminal Division at No(s): CP-35-CR-0002853-2011
CP-35-CR-0002855-2011

BEFORE:  SHOGAN, J., JENKINS, J., and PLATT, J.[*]

MEMORANDUM BY JENKINS, J.:                    **FILED NOVEMBER 04, 2015**

Appellant Andrew Cleveland appeals from the judgment of sentence entered in the Lackawanna County Court of Common Pleas following his guilty plea to two counts of robbery, threat of immediate serious bodily injury.[1]  We affirm.

In November of 2011, Appellant robbed two convenience stores by threatening the respective cashiers with a knife and demanding all of the money in the cash registers.  On March 26, 2012, Appellant pled guilty to the previously mentioned crimes.  In exchange for his guilty plea, the Commonwealth did not charge Appellant with additional convenience store

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1]  18 Pa.C.S. § 3701 (a)(1)(ii).

robberies, it agreed to seek concurrent sentences for the two robbery convictions, and Appellant's remaining eight charges against him relating to the two convenience store robberies were *nolle prossed*.

On June 19, 2012, the court sentenced Appellant to ninety (90) to one hundred eighty (180) months' incarceration, followed by five (5) years' special probation for his first robbery conviction and ten (10) years' special probation for his second robbery conviction. The court imposed the sentences consecutively.

On December 3, 2012, Appellant filed a petition for relief pursuant to the Post Conviction Relief Act ("PCRA").[2] On June 17, 2014, the trial court granted Appellant's petition and reinstated his post-sentence rights *nunc pro tunc*. On June 26, 2014, Appellant timely filed a post-sentence motion, which the court denied by operation of law on December 8, 2014. On December 30, 2014, Appellant timely filed a notice of appeal. On January 7, 2015, the court ordered Appellant to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and he timely complied on January 15, 2015.

Appellant raises the following issues for our review:

> 1. DID THE TRIAL COURT ERR AND/OR ABUSE ITS DISCRETION WHEN IT REFUSED TO AMEND THE SENTENCE OF [APPELLANT] TO A CONCURRENT TERM, RATHER THAN CONSECUTIVE, WHERE THE PLEA

---

[2] 42 Pa.C.S. §§ 9541-9546.

AGREEMENT WITH THE COMMONWEALTH CALLED FOR SUCH A SENTENCE?

2. DID THE TRIAL COURT ABUSE ITS DISCRETION BY IMPROPERLY CONSIDERING FACTORS, SUCH AS [APPELLANT'S] PRIOR RECORD AND POSSESSION OF A KNIFE DURING THE COMMISSION OF A CRIME, WHERE SUCH FACTORS WERE ALREADY TAKEN INTO ACCOUNT BY THE GRADING OF THE OFFENSE ITSELF, THE SENTENCING CODE AND GUIDELINES AND ITS ENHANCEMENTS AND, AS A RESULT, IMPOSED A MANIFESTLY EXCESSIVE SENTENCE?

3. DID THE TRIAL COURT ERR AND/OR ABUSE ITS DISCRETION IN FAILING TO PLACE SUFFICIENT REASONS UPON THE RECORD TO SUBSTANTIATE AND JUSTIFY A SENTENCE OF TOTAL CONFINEMENT AT THE HIGHEST END OF THE AGGRAVATED RANGE AND AN ADDITIONAL TERM OF 15 YEAR TERM OF SPECIAL PROBATION?

Appellant's Brief at 4.

Generally, a plea of guilty constitutes a waiver of all defects and defenses excepting the voluntariness of the plea, the jurisdiction of the court and the legality of the sentence. *Commonwealth v. Stewart*, 867 A.2d 589, 591 (Pa.Super.2005). This Court, however, "has also ruled that an appellant may challenge the discretionary aspects of sentence [after pleading guilty], so long as there is no plea agreement as to the terms of the sentence." *Id.* (citing *Commonwealth v. Dalberto*, 648 A.2d 16, 21 (Pa.Super.1994), *appeal denied,* 867 A.2d 589, 591 (Pa.2005)).

In his first issue, Appellant purports to challenge the legality of his sentence.[3] He argues that, because his plea agreement with the Commonwealth called for his sentences to run concurrently, the court violated the terms of his agreement by imposing his sentences consecutively, resulting in an illegal sentence.

First, we must determine whether Appellant's claim challenges the legality of his sentence.

> [O]ur case law draws a careful distinction between truly "illegal" sentences, and sentences which may have been the product of some type of legal error…The term "illegal sentence" is a term of art that our Courts apply narrowly, to a relatively small class of cases.

*Commonwealth v. Jacobs*, 900 A.2d 368, 373 (Pa.Super.2006).

> This class of cases includes: (1) claims that the sentence fell "outside of the legal parameters prescribed by the applicable statute"; (2) claims involving merger/double jeopardy; and (3) claims implicating the rule in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). These claims implicate the fundamental legal authority of the court to impose the sentence that it did.

*Commonwealth v. Robinson*, 931 A.2d 15, 21 (Pa.Super.2007).

> Following the acceptance of a negotiated plea, the trial court is not required to sentence a defendant in

---

[3] "We do note that *Commonwealth v. Anderson*, 643 A.2d 109, 111-112 ([Pa.Super.]1994), and its progeny stand for the proposition that where the trial court fails to comply with the terms of a plea agreement, that sentence is illegal." *Commonwealth v. Berry*, 877 A.2d 479, 483-84 (Pa.Super.2005).

accordance with the plea agreement. Such a sentence is legal, so long as it does not exceed the statutory maximum. However, a criminal defendant who is sentenced to more than was agreed upon in a negotiated plea may withdraw his guilty plea upon being deprived of the benefit of his bargain.

*Commonwealth v. Tann*, 79 A.3d 1130, 1133 (Pa.Super.2013), *reargument denied* (Dec. 19, 2013), *appeal denied,* 94 A.3d 1009 (Pa.2014).

In *Commonwealth v. Berry*,[4] this Court noted that "*Commonwealth v. Anderson*,[5] and its progeny stand for the proposition that where the trial court fails to comply with the terms of a plea agreement, that sentence is illegal." The *Berry* Court then held that an appellant's claim that the trial court violated his plea agreement by imposing consecutive sentences did not implicate the legality of his sentence because it was not based on a statute or claim of double jeopardy. *Commonwealth v. Raphael*, 879 A.2d 1264, 1265 (Pa.Super.2005). In *Raphael*, this Court noted the above principals and nonetheless proceeded to address the appellant's sentencing claim on the merits.

_____

[4] 877 A.2d 479, 483-84 (Pa.Super.2005).

[5] 643 A.2d 109, 111-112 ([Pa.Super.]1994). *Anderson* was abrogated by *Commonwealth v. Wallace*, 870 A.2d 838, 844 (Pa.2005) ("*Anderson's* holding that "any sentence imposed after probation revocation must not exceed the maximum sentence originally imposed" is legally unsupportable and is inconsistent with both the clear and unambiguous language of the Sentencing Code and this Court's precedent.").

Here, because Appellant's sentencing claim is based on the court's consecutive imposition of his sentences, and not based on a statute or claim of double jeopardy, he does not challenge the legality of his sentence. **See Raphael, supra.** Nonetheless, we will discuss Appellant's claim on the merits.

Our standard of review of questions involving the legality of a sentence is well settled:

> "A challenge to the legality of a sentence ... may be entertained as long as the reviewing court has jurisdiction." **Commonwealth v. Borovichka,** 18 A.3d 1242, 1254 (Pa.Super.2011) (citation omitted). It is also well-established that "[i]f no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction." **Commonwealth v. Rivera,** 95 A.3d 913, 915 (Pa.Super.2014) (citation omitted). "An illegal sentence must be vacated." **Id.** "Issues relating to the legality of a sentence are questions of law[.] ... Our standard of review over such questions is *de novo* and our scope of review is plenary." **Commonwealth v. Akbar,** 91 A.3d 227, 238 (Pa.Super.2014) (citations omitted).

**Commonwealth v. Wolfe**, 106 A.3d 800, 801-02 (Pa.Super.2014) *appeal granted,* No. 63 MAL 2015, 2015 WL 4755651 (Pa. Aug. 12, 2015).

This Court has analyzed the terms of plea bargains as follows:

> Where the plea bargain calls for a specific sentence that is beyond the prosecutor's narrowly limited authority in sentencing matters, the plea bargain implicates the court's substantive sentencing power, as well as its guardianship role, and must have court approval. **Commonwealth v. Smith,** 664 A.2d 622 ([Pa.Super.]1995), *appeal denied,* 679 A.2d 229 ([Pa.]1996). Thus, the trial court has broad discretion in approving or rejecting plea agreements. **Commonwealth v. Chazin,** 873 A.2d 732, 737 (Pa.Super.2005), *appeal denied,* 887 A.2d 1239

([Pa.]2005). The court may reject the plea bargain if the court thinks it does not serve the interests of justice. *Id.* If the court is dissatisfied with any of the terms of the plea bargain, it should not accept the plea; instead, it should give the parties the option of proceeding to trial before a jury. *See* Pa.R.Crim.P. 590(A)(3) and *Comment.* Assuming the plea agreement is legally possible to fulfill, when the parties enter the plea agreement on the record, and the court accepts and approves the plea, then the parties and the court must abide by the terms of the agreement. *See* ***Commonwealth v. Kersteter***, 877 A.2d 466, 470 (Pa.Super.2005). ***See also Commonwealth v. Townsend***, 693 A.2d 980 (Pa.Super.1997) (reiterating distinction between agreements in which parties have agreed upon specific sentence and agreements in which parties have left length of sentence to discretion of court); ***Commonwealth v. Coles***, 530 A.2d 453 ([Pa.Super.]1987), *appeal denied,* 559 A.2d 34 ([Pa.]1989) (holding court cannot unilaterally countermand specific sentence in plea bargain and reduce sentence without Commonwealth's consent).

***Commonwealth v. Parsons***, 969 A.2d 1259, 1268 (Pa.Super.2009), *appeal denied*, 982 A.2d 1228 (Pa.2009).

Further,

there are various options, including an agreement to make no recommendation or…an agreement to make a favorable but non-binding recommendation. So long as the limits of the agreement are plainly set forth on the record, understood and agreed to by the parties, and approved by the trial court, we find no impediment…to the offer, acceptance, performance or enforcement of such plea agreements.

***Commonwealth v. McClendon***, 589 A.2d 706, 710 (Pa.Super.1991), *appeal denied*, 597 A.2d 1151 (Pa.1991).

Here, Appellant entered into a plea agreement with the Commonwealth. In exchange for his guilty plea, the remaining charges

against him were *nolle prossed*, the Commonwealth did not charge Appellant with additional robberies, and it agreed to seek concurrent sentences for the two robbery convictions. Appellant directs us to the following alleged exchange:

> [PROSECUTOR]: Your Honor, [Appellant's] cases are docketed at 11-CR-2853 and 2855. It's my understanding he'll be pleading guilty to one count of robbery in each of those cases, graded as a felony of the first degree punishable by up to 20 years in prison and a $25,000.00 fine.
>
> The agreement also incorporates a deadly weapon enhancement to be applied. However, the agreement includes that these matters be run concurrent for the defendant.
>
> [DEFENSE COUNSEL]: That's correct, your Honor. Just in addition to that, there are two other docket numbers out there. They're minor offenses. They're going to be [*nolle prossed*] and the Commonwealth will not seek to invoke a mandatory as well as not have any other charges filed for any other robberies.
>
> \* \* \*
>
> [THE COURT]: At this time I will accept the plea.

Appellant's Brief at 4-5 (quoting "(NT, 6/26/12,[6] p. 2,3,5&6)"). The transcript from the guilty plea hearing is not included in the certified record,

---

[6] This is the date listed in Appellant's brief. It is more likely this hearing took place on March 26, 2012, the same day Appellant completed the written colloquy, and before the court sentenced Appellant.

and so we cannot consider it in this appeal.[7] Even if it was included in the record and the previous exchange transpired, Appellant's issue merits no relief because he completed a written guilty plea colloquy that provides:

> 13. State specifically in detail any plea agreement with the District Attorney.
>
> 11 CR 2853 – Robbery (F1)
> 11 CR 2855 – Robbery (F1)
> CW agrees to concurrent sentences
> NP all remaining cases
> Δ will not be charged w/ other robberies
> No mand. min.

Guilty Plea Colloquy, dated March 26, 2012, at 2 (verbatim). This colloquy is signed by Appellant.

Later in the colloquy, Appellant indicated that he understood the court was not bound by the agreement:

> 14. Do you understand that the Court is not bound by the agreement you made with the District Attorney?
>
> Yes
>
> 15. Do you understand that the maximum penalty to the charges you are pleading guilty to is:
>
> F1 – 20 yr/$25000(XL)  Yes

---

[7] *See Commonwealth v. Martz*, 926 A.2d 514, 524-25 (2007) ("It is black letter law in this jurisdiction that an appellate court cannot consider anything which is not part of the record in the case. It is also well-settled in this jurisdiction that it is Appellant's responsibility to supply this Court with a complete record for purposes of review. A failure by Appellant to insure that the original record certified for appeal contains sufficient information to conduct a proper review constitutes waiver of the issue sought to be examined.")

> 15 (a) If you are pleading guilty to more than one charge, do you understand that the Judge may impose consecutive sentences?
>
> Yes
>
> If the answer to the preceding question is yes, state the total sentence that may be imposed on you.
>
> 40 yrs/$50,000

Guilty Plea Colloquy at 3.

At sentencing, counsel for Appellant reminded the court of the plea agreement:

> [DEFENSE COUNSEL]: Your honor, I would point out that the guilty plea colloquy does have an agreement with the Commonwealth that the Commonwealth would agree to concurrent sentences, and I believe we discussed that matter with the [c]ourt at the time of the guilty plea. So I would ask the [c]ourt when imposing sentence if it would stay at the bottom end of the standard range. It's five and a half years. I think that's more than enough time to punish, to rehabilitate, and to deter future criminal conduct in the state system; and I would ask the [c]ourt to run the two sentences concurrent as set forth in the plea agreement.

N.T., 6/19/12, at 3-4.

The Commonwealth did not object or ask the court to impose Appellant's sentences consecutively. Further, Appellant was not charged with other robberies, and the eight other charges against him were *nolle prossed.* Thus, the Commonwealth abided by the terms of the plea agreement.

Although the plea agreement required the Commonwealth to refrain from seeking consecutive sentences, the court was not bound by the Commonwealth's recommendation and chose to impose consecutive sentences for Appellant's two armed robbery convictions. The court imposed an aggregate sentence of seven and one half (7½) to fifteen (15) years' incarceration, followed by fifteen (15) years' special probation. As Appellant indicated in his written guilty plea colloquy, the court could have sentenced him to forty (40) years' incarceration. The sentence was legal and did not violate the terms of the plea agreement.[8] Thus, Appellant's first issue merits no relief.

In his second issue, Appellant challenges the discretionary aspects of his sentence.

Challenges to the discretionary aspects of sentencing do not entitle a petitioner to review as of right. **Commonwealth v. Allen**, 24 A.3d 1058, 1064 (Pa.Super.2011). Before this Court can address such a discretionary challenge, an appellant must invoke this Court's jurisdiction by satisfying the following four-part test:

---

[8] Appellant does not argue that his plea agreement was unlawfully induced, but we note that his written colloquy indicates he entered the plea intelligently, knowingly, and voluntarily. **See Commonwealth v. Moser**, 921 A.2d 526, 529 (Pa.Super.2007) ("where the record clearly demonstrates that a guilty plea colloquy was conducted, during which it became evident that the defendant understood the nature of the charges against him, the voluntariness of the plea is established.").

(1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Id.*

Presently, Appellant preserved his issues in a post-sentence motion and filed a timely notice of appeal. Further, Appellant's brief includes a concise statement of reasons relied upon for allowance of appeal with respect to the discretionary aspects of his sentence pursuant to Pa.R.A.P. 2119(f). *See* Appellant's Brief at 11-12. We now must determine whether Appellant presents a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." *Commonwealth v. Prisk*, 13 A.3d 526, 533 (Pa.Super.2011). Further:

A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

*Id.* (internal citations omitted).

Here, Appellant argues the court should not have considered his prior conviction for a bank robbery, the fact that the offenses involved knives and that the crimes involved confronting and scaring people with weapons as

- 12 -

aggravating factors because they were already included as factors within the grading of the offense of robbery, threat of immediate serious bodily injury. He further claims the previously mentioned aggravating factors were included within his offense gravity score and his prior record score and the court abused its discretion by erroneously applying the guidelines.

"A claim that the sentencing court misapplied the Sentencing Guidelines presents a substantial question." *Commonwealth v. Cook*, 941 A.2d 7, 11 (Pa.Super.2007). Thus, we grant Appellant's petition for allowance of appeal and address the merits of his claim.

We review Appellant's sentencing claim under the following standard:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1265 (Pa.Super.2014) (*en banc*), *appeal denied,* 104 A.3d 1 (Pa.2014).

Appellant was convicted under the following statute:

**§ 3701. Robbery**

**(a) Offense defined.**--

> (1) A person is guilty of robbery if, in the course of committing a theft, he:

*     *     *

- 13 -

> (ii) threatens another with or intentionally puts him in fear of immediate serious bodily injury…

18 Pa.C.S. § 3701.

This offense has an offense gravity score of ten (10). 204 Pa.Code § 303.15. Appellant had a prior record score of four (4) for a bank robbery. When utilizing the Deadly Weapons Enhancement ("DWE") Used Matrix, the standard range provided for a sentence of sixty-six (66) to seventy-eight (78) months' incarceration with plus or minus twelve (12) months for calculation of the mitigated or aggravated range. Pa.Code § 303.17(b).

The court sentenced Appellant to ninety (90) to one hundred eighty (180) months' incarceration, which was in the aggravated range of the sentence. Upon sentencing him, the court stated:

> [Appellant], in the future you may be able to be productive, but the [c]ourt, in reviewing this through – I mean, when you have a form of bank robbery and both of these involve knives in regard to people that work as clerks at [Convenience] Stores who went to work to pay their bills and they face you coming in with a knife robbing them, and people shouldn't have to be worried about that when they go to work…
>
> And the fact that you bring the knives in after you've already served a sentence for bank robbery, the [c]ourt can't just look and say, ["]Well, that's okay.["] There is a protection of society that needs to be paid to the citizens.
>
> And in this matter the [c]ourt is going to sentence you in one count in the aggravated range based upon the facts and circumstances of your prior involvement with the robbery and sentence you to 90 to 180 months, plus five years of special probation.

And on the second count the [c]ourt is going to be giving you ten years['] probation consecutive to the first sentence. Obviously, no drugs or alcohol, nor must you frequent any liquor-licensed premise. You must remain in treatment upon your release.

N.T., 6/19/12 at 5-6.

The court specifically stated that it chose to give Appellant an aggravated range sentence based on the fact that he used knives to rob convenience store employees while they were trying to make a living and that Appellant continued to commit armed robberies after he had served a prison sentence for robbing a bank. Although these actions supported Appellant's convictions, offense gravity score, prior record score, and deadly weapon enhancement, the specific details, which are not in the statutes, offended the court. The court did not abuse its discretion in considering these factors and sentencing Appellant in the aggravated range.

In his final issue, Appellant argues the court erred by failing to place sufficient reasons on the record to justify sentencing him in the aggravated range with an additional term of fifteen (15) years of special probation. Again, we disagree.

The relevant sentencing statute provides, in pertinent part:

**(b) General standards.--**In selecting from the alternatives set forth in subsection (a), the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant. The court shall also consider any guidelines for sentencing

- 15 -

and resentencing adopted by the Pennsylvania Commission on Sentencing and taking effect under section 2155 (relating to publication of guidelines for sentencing, resentencing and parole and recommitment ranges following revocation). In every case in which the court imposes a sentence for a felony or misdemeanor, modifies a sentence, resentences an offender following revocation of probation, county intermediate punishment or State intermediate punishment or resentences following remand, *the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed*. In every case where the court imposes a sentence or resentence outside the guidelines adopted by the Pennsylvania Commission on Sentencing under sections 2154 (relating to adoption of guidelines for sentencing), 2154.1 (relating to adoption of guidelines for county intermediate punishment), 2154.2 (relating to adoption of guidelines for State intermediate punishment), 2154.3 (relating to adoption of guidelines for fines), 2154.4 (relating to adoption of guidelines for resentencing) and 2154.5 (relating to adoption of guidelines for parole) and made effective under section 2155, the court shall provide a contemporaneous written statement of the reason or reasons for the deviation from the guidelines to the commission, as established under section 2153(a)(14) (relating to powers and duties). Failure to comply shall be grounds for vacating the sentence or resentence and resentencing the defendant.

42 Pa.C.S. § 9721.

As previously stated, the court did state its reasons for sentencing Appellant in the aggravated range.[9] The court was offended by Appellant's

_____

[9] Additionally, the court reviewed Appellant's pre-sentence report before sentencing, and we can presume it also considered these factors when sentencing Appellant. *See Commonwealth v. Devers*, 546 A.2d 12, 18-19 (Pa.1988) ("Where pre-sentence reports exist, we shall continue to presume that the sentencing judge was aware of relevant information regarding the
*(Footnote Continued Next Page)*

flagrant violation of the law after he had already served a prison sentence for robbing a bank. The court specifically expressed its desire to protect the public, especially hard-working convenience store clerks who were trying to pay their bills without being threatened with knives and robbed by Appellant. Further, the court demonstrated its consideration of Appellant's rehabilitative needs in fashioning its sentence by imposing the special probation and treatment. The court stated its reasons for imposing Appellant's sentence on the record and did not err.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/4/2015

_(Footnote Continued)_ ————————

defendant's character and weighed those considerations along with mitigating statutory factors. A pre-sentence report constitutes the record and speaks for itself…Having been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed.").