J-S56040-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHRISTOPHER LEE YOST, | : | |
| | : | |
| Appellant | : | No. 598 MDA 2018 |

Appeal from the Judgment of Sentence March 9, 2018
in the Court of Common Pleas of Lancaster
County Criminal Division at No(s):  CP-36-CR-0000791-1996

BEFORE:  GANTMAN, P.J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                **FILED OCTOBER 31, 2018**

Christopher Lee Yost ("Yost") appeals from the judgment of sentence imposed following the revocation of his probation.  We affirm.

Between June and December 1995, when Yost was 42 years old, he performed various sexual acts with the seven-year-old victim.  In 1996, Yost entered an open guilty plea to involuntary deviate sexual intercourse, indecent assault, corruption of minors, and indecent exposure.[1]  The trial court sentenced Yost to an aggregate sentence of 6-20 years in prison, followed by 15 years of probation.  After serving his maximum prison sentence, Yost was released from prison in June 2016, and began serving his probation.  On

_____

[1] 18 Pa.C.S.A. §§ 3123, 3126(a)(7), 6301(a), and 3127(a).

December 14, 2017, Yost's probation was revoked after Yost was unsuccessfully discharged from a sexual offender treatment program.[2]

The trial court deferred sentencing, and ordered a Presentence Investigation Report ("PSI"). On March 9, 2018, the trial court sentenced Yost to 7½-15 years in prison. Yost filed a Post-Sentence Motion on March 20, 2018,[3] which the trial court denied on March 26, 2018. On April 9, 2018, Yost filed a timely Notice of Appeal[4] and a court-ordered Pa.R.A.P. 1925(b) Concise Statement.

On appeal, Yost raises the following issue:

Was the trial court's aggregate sentence of [7½-15 years in prison] for a technical violation of probation so manifestly excessive as to constitute too severe a punishment, unreasonable under the circumstances of this case, inconsistent with the rehabilitative needs of [Yost], and therefore, an abuse of discretion?

Brief for Appellant at 4.

---

[2] Prior to having his probation revoked, Yost had been evicted from the senior living center at which he had been residing.

[3] The Sentencing Order was not served until March 16, 2018. **See** Pa.R.Crim.P. 114(C)(2)(c) (noting that the docket shall include "the date of service of the order[.]"). Thus, we will consider Yost's Post-Sentence Motion to be timely filed.

[4] We acknowledge that the filing of a post-sentence motion following the entry of a probation revocation sentence does not toll the time to file a notice of appeal. **See** Pa.R.Crim.P. 708(E) (stating that "[a] motion to modify a sentence imposed after a revocation shall be filed within 10 days of the date of imposition. The filing of a motion to modify sentence will not toll the 30-day appeal period."). Here, even if we consider the sentence to be imposed on March 9, 2018, Yost filed a timely Notice of Appeal, as 30 days after March 9, 2018, was Sunday, April 8, 2019. **See** 1 Pa.C.S.A. § 1908.

Yost challenges the discretionary aspects of his sentence.

"[T]here is no absolute right to appeal when challenging the discretionary aspect of a sentence." *Commonwealth v. Ahmad*, 961 A.2d 884, 886 (Pa. Super. 2008). An appellant must first satisfy a four-part test to invoke this Court's jurisdiction. We examine

> (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Schrader*, 141 A.3d 558, 563 (Pa. Super. 2016) (citation omitted).

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

*Commonwealth v. Hyland*, 875 A.2d 1175, 1183 (Pa. Super. 2005) (citation and quotation omitted).

Here, Yost filed a timely Notice of Appeal, preserved the challenge to his sentence in his Post-Sentence Motion, and his brief contains the requisite Pa.R.A.P. 2119(f) Statement. Moreover, Yost's claim, *i.e.*, that his sentence of total confinement in response to a technical violation of probation is manifestly excessive, raises a substantial question. *See Commonwealth v.*

*Sierra*, 752 A.2d 910, 913 (Pa. Super. 2000) (stating that a substantial question is presented when a technical probation violation results in a revocation sentence of total confinement). Thus, we will address Yost's sentencing claims.

The trial court is vested with sound discretion in imposing a sentence following a probation revocation. *Id.* at 913. The sentence will not be disturbed on appeal, absent an abuse of that discretion. *Id.* On review, we determine the validity of the revocation proceedings and the authority of the trial court to consider the same sentencing alternatives that it had at the time of the initial sentencing. 42 Pa.C.S.A. § 9771(b); *Commonwealth v. Raphael*, 879 A.2d 1264, 1266 (Pa. Super. 2005). When imposing a sentence of total confinement after a probation revocation, the sentencing court must consider the factors set forth in sections 9771(c) and 9721(b) of the Sentencing Code. *Commonwealth v. Ferguson*, 893 A.2d 735, 739 (Pa. Super. 2006); *see also* 42 Pa.C.S.A. § 9721(b) (providing that when determining an appropriate sentence, the court must consider the protection of the public, the gravity of the offense in relation to the impact on the victim and the community, and the rehabilitative needs of the offender).

Section 9771(c) provides as follows:

The court shall not impose a sentence of total confinement upon revocation unless it finds that:

(1) the defendant has been convicted of another crime; or

(2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or

(3) such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S.A. § 9771(c). Following a revocation of probation, a trial court need not undertake a lengthy discourse for its reasons for imposing a sentence of total confinement, but the record as a whole must reflect the court's consideration of the facts of the crime and character of the offender. *Commonwealth v. Crump*, 995 A.2d 1280, 1283 (Pa. Super. 2010).

Yost argues that the trial court imposed a manifestly excessive sentence where this was his first probation violation and the violation itself was merely technical. Brief for Appellant at 10, 12. Yost claims that the trial court failed to adequately consider his needs for rehabilitation, advanced age (64 years old), and failing health. *Id.* at 12-13; *see also id.* at 13 (contending that the sentence could turn into a life sentence). Yost also asserts that the sentencing court did not meet the requirements of 42 Pa.C.S.A. § 9771(c) when it imposed a sentence of total confinement after his probation revocation. *Id.* at 13-14.

Here, the record reflects that the trial court expressly considered the PSI, Yost's age, education, work history, military service, criminal history, including the gravity of the original offenses, and Yost's rehabilitative needs. *See* N.T., 3/9/18, at 13, 15-19. Our review discloses that the trial court also considered the nature of Yost's probation violation. *Id.* at 14-15. The trial

court relied upon Yost's therapist's testimony that Yost had threatened her, stated that he was wrongfully convicted, and admitted to placing himself in a high-risk situation by having deviant sexual thoughts for minors and going to the mall. *Id.* at 15; *see also id.* at 14-15 (wherein the trial court considered the treatment program discharge summary that stated Yost was exhibiting risk factors related to recidivism and demonstrating sexual interest in pre-pubescent minors). The trial court referenced Yost's probation officer's testimony that Yost had an extremely difficult time adjusting to community supervision, *id.* at 19, and had been evicted from the senior living center for "belligerent and threatening behavior[.]" *Id.* at 18; *see also id.* at 19 (wherein the probation officer stated that he believed a state prison term was appropriate in light of the circumstances). The trial court additionally pointed out Yost's "consistently evasive, belligerent and verbally abusive" behavior in the treatment program, including his deceptive behavior on the sexual history polygraph exam, and his refusal to take future polygraph tests. *Id.* at 19.

Finally, the trial court considered Yost's statement regarding the likelihood that he would harm another child. *See id.* at 9 (wherein Yost stated that "every so often, you know what I mean, I might have a wrong thought and stuff like that, but it's nothing like it was years ago."). The trial court noted the dearth of evidence that Yost had made any attempt to change his lifestyle, and determined that Yost had exhibited a "total disregard" for his

probation and the court. ***Id.*** at 17, 20. The trial court concluded that for Yost, probation was "an ineffective rehabilitation tool." ***Id.*** at 20.

Based upon this record, the trial court imposed the prison sentence due to Yost's unwillingness to complete sex offender counseling, the danger Yost presents to the community, and the ineffectiveness of probation as a rehabilitative tool for Yost. Accordingly, the trial court properly exercised its discretion in imposing the prison sentence. ***See Commonwealth v. Carver***, 923 A.2d 495, 498 (Pa. Super. 2007) (stating that technical probation violations, where indicative of an inability to reform, can support revocation and a prison term); ***Sierra***, 752 A.2d at 915 (affirming a sentence of total confinement where the sentencing court "concluded that probation and parole were ineffective in rehabilitating [the appellant] and that [the appellant] had been feigning certain mental problems as a means to manipulate the criminal justice system."); ***see also Commonwealth v. King***, 182 A.3d 449, 459 (Pa. Super. 2018) (stating that "[w]hen a sentencing court is fully informed by the presentence report, its discretion should not be disturbed." (citation and quotation marks omitted)).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>10/31/2018</u>