**COMMONWEALTH of Pennsylvania,
Appellee,**

v.

**Alex HAGUE, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 3, 2003.

Filed Dec. 31, 2003.

Howard B. Zavodnick, Philadelphia, for appellant.

Hugh J. Burns, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before: TODD, BOWES and CAVANAUGH, JJ.

OPINION BY CAVANAUGH, J.:

¶ 1 Alex Hague appeals from the order which denied his petition for relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–9546. The petition was dismissed on the merits without a hearing. We reverse the order denying relief, vacate the judgment of sentence and remand for resentencing.

¶ 2 Appellant was convicted by a jury of voluntary manslaughter and related offenses for the shooting death of Harold Coates. He was subsequently sentenced to serve a term of from ten to twenty years imprisonment. The judgment of sentence was affirmed by this court on direct appeal. *Commonwealth v. Hague*, 760 A.2d 426 (Pa.Super.2000) (unpublished memorandum), *appeal denied*, 564 Pa. 693, 764 A.2d 49 (2000). Appellant filed a *pro se* petition for PCRA relief. Counsel was appointed, and an amended petition was filed, which claimed, *inter alia*, that appellant had been improperly denied his right of allocution at sentencing and that counsel was ineffective for not raising the issue at sentencing or on direct appeal. The PCRA court concluded that appellant had been accorded his right to allocution and dismissed his petition. Appellant now appeals from the denial of relief.

¶ 3 Our standard of review is whether the PCRA court's determination is supported by the record and is free of legal error. *Commonwealth v. Allen*, 557 Pa. 135, 732 A.2d 582 (1999). Moreover, a claim of ineffective assistance of counsel must be supported by a showing: (1) that the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and, (3) that appellant was prejudiced as a result. *Commonwealth v. Fink*, 791 A.2d 1235 (Pa.Super.2002).

¶ 4 The right to allocution is of ancient origin and requires the court to inform a defendant that he has the right to address the court prior to sentencing. *Commonwealth v. Thomas*, 520 Pa. 206, 553 A.2d 918 (1989); *Commonwealth v. Melvin*, 392 Pa.Super. 224, 572 A.2d 773 (1990). The failure to afford a criminal defendant the right to address the court prior to sentencing requires remand to allow allocution prior to resentencing. *Thomas, supra.*

¶ 5 The PCRA court concluded that the sentencing court properly afforded appellant the right to allocution when, after appellant's mother had concluded her remarks requesting leniency, but before imposing sentence, the court inquired, "Is there anything in addition you want to say?" *N.T.*, 1/19/99, at 6. The PCRA court noted, as do we, that rather than the defendant responding, defense counsel offered an answer.

¶ 6 We find that this invitation by the court was insufficient to inform appellant of his right to speak. The court's question failed to directly alert appellant that he had a right to personally address the court, and we can find no exchange anywhere else in the sentencing transcript that might have alerted appellant to this right. Moreover, given its non-specific contextual nature, we cannot discern whether the court's question was directed to appellant, his mother or his counsel. In *Commonwealth v. Anderson*, 412 Pa.Super. 527, 603 A.2d 1060 (1992), this Court concluded that the right to allocution had been effectively denied under similar factual circumstances. In that case, after hearing the arguments of counsel during the sentencing proceeding, the court asked, "anything further from either side," to which appellant's counsel answered, "no, sir." *Id.* at 1061. The court then imposed sentence. On appeal, a panel of this court concluded that "unless the Court *directly* and *specifically* asks the defendant whether he or she chooses to speak, no right of allocution has been effectively granted." *Id.* at 1063–64 (emphasis in original).

¶ 7 Instantly, we additionally dismiss the PCRA court's alternative conclusion that the issue is meritless because appellant was repeatedly asked if he had anything to say immediately after sentencing and appeared hesitant to speak. The significance of allocution lies in its poten-

tial to sway the court toward leniency prior to imposition of sentence. Permitting the defendant to speak after sentence has been imposed fails to meet the essence of the right of allocution.

¶ 8 We find that appellant's issue has arguable merit and we can see no reasonable basis for counsels' failure to object at sentencing or to raise the issue on appeal. As for the prejudice prong of our inquiry, we note that our supreme court has ruled that the effect of allocution on the sentencing process can never be known with such certainty that a reviewing court can conclude that there was no prejudice in its absence. *Commonwealth v. Thomas, supra.*

¶ 9 We find that appellant was not directly advised of his right to allocution nor given the specific opportunity to address the court before sentencing. We further find that counsel provided ineffective assistance in failing to object or to raise the issue on appeal. Accordingly, we vacate the judgment of sentence and remand for resentencing to provide appellant an opportunity to address the court before he is resentenced.

¶ 10 We dismiss appellant's claim challenging the discretionary aspects of sentence as that issue was raised and rejected on direct appeal.

¶ 11 The order denying PCRA relief is reversed. The judgment of sentence is vacated. The case is remanded for resentencing consistent with this opinion. Jurisdiction is relinquished.