J-A33001-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TROY VINCENT JACKSON | |
| Appellant | No. 1736 WDA 2015 |

Appeal from the Judgment of Sentence September 15, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0008775-2011

BEFORE: LAZARUS, J., SOLANO, J., and STRASSBURGER, J.[*]

MEMORANDUM BY LAZARUS, J.:                **FILED JANUARY 03, 2017**

Troy Vincent Jackson appeals *nunc pro tunc* from his probation revocation sentence entered in the Court of Common Pleas of Allegheny County. We vacate and remand for resentencing.

The trial court aptly set forth the relevant facts of the case as follows:

[Jackson] was charged with a Violation of the Uniform Firearms Act: Persons Not to Possess Firearms, Simple Assault and Recklessly Endangering Another Person. He appeared before this [c]ourt on March 6, 2013[,] and entered a general plea of guilty to all charges. On May 30, 2013, he again appeared before this court and was sentenced to intermediate punishment for a term of nine (9) months and a term of probation of three (3) years. No Post-Sentence Motions were filed and no direct appeal was taken.

---

[*] Retired Senior Judge assigned to the Superior Court.

On September 15, 2015, [Jackson] appeared before this [c]ourt for a probation violation hearing, having been convicted of another offense.[1]  At that hearing, the [c]ourt revoked [Jackson's] [probation] and imposed a term of imprisonment of four (4) to 10 years.  Post-Sentence Motions were filed and denied on September 28, 2015.  Following the reinstatement of his appellate rights, this direct appeal followed.

Trial Court Opinion, 4/12/16, at 2.

On appeal, Jackson presents the following issues for our consideration:

(1)    Whether Mr. Jackson's revocation sentence is illegal when the trial court failed to determine, at the time of sentencing, whether he is an eligible offender under the Recidivism Risk Reduction Incentive [(RRRI)] Act, thereby violating 61 Pa.C.S.A § 4505(a), and also when the sum and substance of Mr. Jackson's sentence exceeds the maximum allowable sentence.

(2)    Whether the trial court abused its discretion by denying Mr. Jackson a legitimate, meaningful opportunity to exercise his right of allocution, and personally address his sentence for the specific purpose of effectuating sentencing?[2]

Jackson first contends that the trial court impermissibly failed to advise him of his RRRI eligibility and, as a result, his sentence is illegal.[3]

_____

[1]  Specifically, Jackson pled guilty to one count of possession of a controlled substance, 35 P.S. § 780-113(a)(16), as well as a summary traffic offense.

[2]  We have renumbered Jackson's issues for ease of disposition.

[3]  Jackson did not raise this issue in his Pa.R.A.P. 1925(b) statement of matters complained of on appeal.  However, challenges to the legality of sentence are non-waivable.  **Commonwealth v. Tobin**, 89 A.3d 663 (Pa. Super. 2014).

Pursuant to 61 Pa.C.S. § 4505(a), "at the time of sentencing, the court *shall* make a determination whether the defendant is an eligible offender." 61 Pa.C.S. § 4505(a) (emphasis added).  **See also** 42 Pa.C.S. § 9756(b.1) (Sentencing Code provision stating that in imposing a sentence of total confinement, at the time of sentencing, "the court shall determine if the defendant is eligible for a recidivism risk reduction incentive minimum sentence[.]").  Moreover, with regard to sentences imposed after a defendant violates his or her probation, it is well known that "[u]pon revocation[,] the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing[.]"  42 Pa.C.S. § 9771(b).  When a trial court fails to make a statutorily-required RRRI eligibility determination at sentencing, the defendant's sentence is rendered illegal.  **Commonwealth v. Robinson**, 7 A.3d 868, 871 (Pa. Super. 2010).[4]  Thus, we must vacate Jackson's sentence and remand for resentencing at which time the court shall determine Jackson's eligibility for RRRI and, if he is deemed eligible, sentence him accordingly.

Judgment of sentence vacated.  Case remanded for resentencing.  Jurisdiction relinquished.[5]

---

[4] We note that the prosecution has the discretion to waive RRRI eligibility requirements; however, here, the Commonwealth has not elected to do so.

[5] Because we are vacating and remanding for resentencing based on Jackson's first issue, we need not reach his second issue regarding whether the court violated his right of allocution.  We remind the sentencing court,
*(Footnote Continued Next Page)*

Judge Solano joins this Memorandum.

Judge Strassburger files a Concurring and Dissenting Memorandum.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/3/2017

_____

*(Footnote Continued)* ───────────────

however, that while it did inform Jackson of his right of allocution, the court effectively cut him off from finishing his statement to the court. ***See Commonwealth v. Hague***, 840 A.2d 1018, 1019 (Pa. Super. 2003) (because "significance of allocution lies in its potential to sway the court toward leniency prior to imposition of sentence . . .the effect of allocution on the sentencing process can never be known with such certainty that a reviewing court can conclude that there was no prejudice in its absence."). Upon resentencing, the court shall be mindful of the right to allocution and the necessity to allow the defendant to fully exercise that right. ***See Commonwealth v. Thomas***, 553 A.2d 918, 919 (Pa. 1989) (citation omitted) (nothing has "lessen[ed] . . . the need for the defendant, personally, to have the opportunity to present to the court his plea in mitigation. The most persuasive counsel may not be able to speak for a defendant as the defendant might, with halting eloquence, speak for himself.").