J-S41005-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RONALD BUTLER BURTON, | |
| Appellant | No. 1873 MDA 2016 |

Appeal from the Judgment of Sentence September 29, 2016
in the Court of Common Pleas of Dauphin County
Criminal Division at No.: CP-22-CR-0005456-2009

BEFORE:  GANTMAN, P.J., LAZARUS, J., and PLATT, J.*

MEMORANDUM BY PLATT, J.:                **FILED JULY 26, 2017**

Appellant, Ronald Butler Burton, appeals from the sentence imposed on September 29, 2016 after resentencing.  Specifically, he challenges the sentence on his conviction of conspiracy to commit homicide.  We affirm.

This case is a procedural quagmire.  We take the following pertinent facts from the trial court's January 27, 2017 opinion and our independent review of the certified record.

On January 27, 2011, a jury convicted Appellant of homicide, criminal conspiracy to commit homicide, firearms not to be carried without a license, persons not to possess firearms, recklessly endangering another person, and

_____

* Retired Senior Judge assigned to the Superior Court.

delivery of a controlled substance.[1]  The charges followed Appellant's involvement in the 2009 shooting death of the victim, Brandon Granthon, during an illegal drug transaction.  The same day, the trial court sentenced Appellant to a term of life imprisonment on the homicide charge, to be served concurrently with terms of not less than five nor more than ten years on each of the conspiracy and firearms not be carried without a license convictions, and not less than one nor more than two years on each of the persons not to possess, carrying a firearm without a license, and REAP convictions.  On January 20, 2012, this Court vacated Appellant's judgment of sentence and remanded for a new trial on the homicide charge and for resentencing on the remaining charges.  (**See Commonwealth v. Burton**, 43 A.3d 524 (Pa. Super. 2012) (unpublished memorandum)).  The Pennsylvania Supreme Court denied review on July 16, 2012.  (**See Commonwealth v. Burton**, 48 A.3d 1246 (Pa. 2012)).

On remand, the Commonwealth elected not to proceed on the homicide charge.  On October 2, 2012, without the benefit of a pre-sentence investigation report (PSI), the court resentenced Appellant to an aggregate term of imprisonment of not less than twenty-two and one-half nor more than fifty years, which included a sentence of not less than seventeen and one-half nor more than forty years' incarceration on the conspiracy

---

[1] 18 Pa.C.S.A. §§ 2501, 903(a)(1), 6106(a)(1), 6105(a)(1), and 2705; and 35 P.S. 780-113(a)(30), respectively.

conviction. That sentence was affirmed on July 26, 2013, after this Court found that Appellant had waived his discretionary aspects of sentence challenge. (**See Commonwealth v. Burton**, No. 1936 MDA 2012, memorandum opinion at **5-6 (Pa. Super. filed July 26, 2013)). Appellant did not file a petition for allowance of appeal with our Supreme Court.

On March 27, 2014, Appellant filed a *pro se* PCRA petition seeking reinstatement of his right to file a post-sentence motion *nunc pro tunc* and challenging the discretionary aspects of his sentence. Retained counsel[2] filed an amended PCRA petition. On February 10, 2015, the PCRA court granted Appellant leave to file a post sentence motion *nunc pro tunc* limited to the discretionary aspects of his sentence, and denied the remainder of his petition.

On March 10, 2015, Appellant filed post-sentence motions *nunc pro tunc* and contemporaneously appealed the court's February 10, 2015 order. On March 10, 2016, this Court affirmed the PCRA court's order to the extent that it restored Appellant's direct appeal rights *nunc pro tunc*. We vacated it as to Appellant's remaining claims, because the court lacked jurisdiction to address them after it reinstated his direct appeal rights. Additionally, we

---

[2] Appellant previously had requested that the court appoint counsel, which it did. Thereafter, Appellant retained private counsel. On May 27, 2015, the court granted retained counsel's motion to withdraw and appointed conflict counsel.

quashed the appeal as premature, inasmuch as it purported to challenge the disposition of Appellant's post-sentence motions, because no final order had been entered disposing of them.[3] (**See Commonwealth v. Burton**, No. 457 MDA 2015, unpublished memorandum at *9 (Pa. Super. filed Mar. 10, 2016)).

On June 8, 2016, pursuant to Appellant's request, the trial court ordered a PSI and scheduled a resentencing hearing. On September 29, 2016, with the benefit of the PSI, the trial court resentenced Appellant to an aggregate term of incarceration of not less than twenty-two and one-half nor more than forty-five years, which included a sentence of not less than twelve nor more than twenty-four years on the conspiracy conviction. On October 11, 2016, the trial court denied Appellant's post-sentence motion for modification of sentence. Appellant timely appealed on November 4, 2016.[4]

Appellant raises three questions on appeal.

---

[3] On March 18, 2016, the court entered an order confirming the denial Appellant's *nunc pro tunc* post-sentence motions by operation of law. **See** Pa.R.Crim.P. 720(B)(3)(a). Appellant did not file a direct appeal, although this Court's March 10, 2016 decision quashing his appeal as premature expressly noted that it did so without prejudice to Appellant filing an appeal once the final order on the post-sentence motions was filed. (**See Burton**, No. 457 MDA 2015, at *9 n.10).

[4] Pursuant to the court's order, Appellant filed a timely concise statement of errors complained of on appeal on December 8, 2016. The court filed an opinion on December 19, 2016, and an amended opinion on January 27, 2017. **See** Pa.R.A.P. 1925.

1.      Whether the [trial] court abused its discretion and was vindictive when imposing an excess [sic] sentence upon the Appellant at his resentencing?

2.      Whether the [trial] court erred when it did not provide factual data or reasoning for the sentence imposed at resentencing?

3.      Whether the [trial] court erred in denying the Appellant of [sic] his right of allocution?

(Appellant's Brief, at 6) (unnecessary capitalization omitted).

Appellant's issues challenge the discretionary aspects of his sentence. "[T]here is no absolute right to appeal when challenging the discretionary aspect of a sentence." *Commonwealth v. Dodge*, 77 A.3d 1263, 1268 (Pa. Super. 2013), *appeal denied*, 91 A.3d 161 (Pa. 2014) (citations omitted). "[A]n [a]ppeal is permitted only after this Court determines that there is a substantial question that the sentence was not appropriate under the sentencing code." *Id.* (citation omitted).

> A defendant presents a substantial question when he sets forth a plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process. In order to properly present a discretionary sentencing claim, a defendant is required to preserve the issue in either a post-sentence motion or at sentencing and in a court-ordered Pa.R.A.P. 1925(b) concise statement. Further, on appeal, a defendant must provide a separate statement specifying where the sentence falls in the sentencing guidelines, what provision of the sentencing code has been violated, what fundamental norm the sentence violates, and the manner in which it violates the norm.

*Id.* at 1268-69 (quotation marks and citation omitted).

Here, for ease of disposition, we first note that Appellant's third issue challenging allocution is waived because he failed to raise it either in the trial court or in his Rule 1925(b) statement. (*See* Petition for Modification of Sentence, 10/06/16, at unnumbered pages 3-4; Appellant's Rule 1925(b) Statement, at unnumbered pages 1-2); *see also Commonwealth v. Jacobs*, 900 A.2d 368, 376-77 (Pa. Super. 2006), *appeal denied*, 917 A.2d 313 (Pa. 2007) (finding allocution issue is waivable challenge, and finding waiver where it was not raised in trial court); *Commonwealth v. Hill*, 16 A.3d 484, 427 (Pa. 2011) ("[A]ny issues not raised in a Rule 1925(b) statement will be deemed waived; the courts lack the authority to countenance deviations from the Rule's terms.").[5]

We now turn to Appellant's first two issues, which meet all prerequisites required for a merit review. (*See* Petition for Modification of Sentence, at unnumbered pages 3-4; Appellant's Rule 1925(b) Statement,

---

[5] We note briefly that our independent review of the record reveals that Appellant's claim would not merit relief. Although the trial court prohibited Appellant from speaking to the victim's mother at her request, it directly asked him if he had anything to say to the court, to which he replied in the negative. (*See* N.T. Resentencing, 9/29/16, at 13). Therefore, the court properly offered Appellant his right to allocution. *See Commonwealth v. Green*, 862 A.2d 613, 620 (Pa. Super. 2004), *appeal denied*, 882 A.2d 477 (Pa. 2005) ("[A] defendant's right to allocution is violated only if he was not permitted to speak prior to the docketing of the sentence.") (citation and internal quotation marks omitted); *Commonwealth v. Hague*, 840 A.2d 1018, 1019 (Pa. Super. 2003), *appeal denied*, 878 A.2d 863 (Pa. 2005) ("The right to allocution . . . requires the court to inform a defendant that he has the right to address **the court** prior to sentencing.") (citation omitted; emphasis added).

at unnumbered page 1; Appellant's Brief, at 13); *Commonwealth v. Tapp*, 997 A.2d 1201, 1203 (Pa. Super. 2010), *appeal denied*, 12 A.3d 752 (Pa. 2010) (claim of judicial vindictiveness in resentencing defendant raises substantial question); *Commonwealth v. Reynolds*, 835 A.2d 720, 733-34 (Pa. Super. 2003) (allegation that judge failed to offer specific reasons for sentence raises substantial question). Therefore, we will review the merits of these claims. *See Dodge*, *supra* at 1268.

In his first issue, Appellant maintains that the "sentence imposed by the trial court was excessive and vindictive[.]" (Appellant's Brief, at 13). Appellant's claim does not merit relief.

Our standard of review of a sentencing challenge is well-settled:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Glass*, 50 A.3d 720, 727 (Pa. Super. 2012), *appeal denied*, 63 A.3d 774 (Pa. 2013) (citation omitted).

In this case, Appellant argues that his sentence must be vacated because the conspiracy sentence imposed after the 2016 re-sentencing hearing is greater than that imposed in his original 2011 sentence, and

therefore the trial court is presumed to have been vindictive, and bears the burden of proving otherwise. (*See* Appellant's Brief, at 14-16). This issue lacks merit.

Appellant relies, in large part, on ***North Carolina v. Pearce***, 395 U.S. 711 (1969), and its progeny, for his vindictiveness argument. (***See id.*** at 14-15). However, this reliance is misplaced because ***Pearce*** has been overruled in part, limiting its application. ***See Alabama v. Smith***, 490 U.S. 794 (1989).

In ***Smith***, the United States Supreme Court stated:

> While sentencing discretion permits consideration of a wide range of information relevant to the assessment of punishment, we have recognized it must not be exercised with the purpose of punishing a successful appeal. ***Pearce***, [***supra*** at 723-725]. "Due process of law, then, requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial." ***Id.,*** at 725. "In order to assure the absence of such a motivation, we have concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for him doing so must affirmatively appear." ***Id.*** at 726. . . .

> While the ***Pearce*** opinion appeared on its face to announce a rule of sweeping dimension, . . . its presumption of vindictiveness do[es] not apply in every case where a convicted defendant receives a higher sentence on retrial. . . . [T]he evil the [***Pearce*** ] Court sought to prevent was not the imposition of enlarged sentences after a new trial but vindictiveness of a sentencing judge. Because the ***Pearce*** presumption may operate in the absence of any proof of an improper motive and thus . . . block a legitimate response to criminal conduct, we have limited its application . . . to circumstances where its objectives are thought most efficaciously served[.] Such circumstances are those in which there is a reasonable likelihood that the increase in sentence is the product of actual

- 8 -

vindictiveness on the part of the sentencing authority. Where there is no such reasonable likelihood, the burden remains upon the defendant to prove actual vindictiveness.

***Smith***, ***supra*** at 799 (most citations and quotation marks omitted).

Here, we note first that this is Appellant's **second** re-sentencing, and the trial court actually imposed a shorter conspiracy sentence, below the mitigated guidelines, than it did at his **first** re-sentencing hearing. (***See id.*** ("[T]he sentence we imposed of [twelve]-[twenty-four] years is actually less than the [seventeen and one-half] to [forty] year sentence imposed on October 2, 2012 and below the mitigated guidelines.")). Also, although Appellant's 2016 conspiracy re-sentencing **is** longer than his original conspiracy sentence, it was imposed after the Commonwealth's withdrawal of the homicide count affected the court's sentencing scheme. (***See*** Trial Ct. Op., at 3 ("[A]s the homicide charge was withdrawn, the original sentence of [five] to [ten] years on the conspiracy charge did not make sense[.]"). Moreover, Appellant does not identify, and the certified record does not reveal, any vindictiveness on the part of the trial court other than his bald claim that, because his new conspiracy sentence is longer than the one imposed originally, the court necessarily was vindictive. (***See*** Appellant's Brief, at 14-16).

Based on the foregoing, and our independent review of the certified record, we conclude that there is no "reasonable likelihood" Appellant's sentence is the product of "vindictiveness against [him] for having

successfully attacked his first conviction[.]" ***Smith***, ***supra*** at 798-99 (citations omitted). Hence, Appellant has not met his burden of proof on his vindictiveness claim, and we conclude that he has failed to prove that the trial court abused its discretion in resentencing him. ***See Glass***, ***supra*** at 727. Appellant's first issue lacks merit.

In his second challenge, Appellant argues that the court "did not provide factual data or reasoning for the sentence imposed." (Appellant's Brief, at 16; ***see id.*** at 17-18). This issue does not merit relief.

Pursuant to the sentencing guidelines, a court must consider the protection of the public, the gravity of the offense, the impact on the victim and community, and the rehabilitative needs of the defendant. ***See*** 42 Pa.C.S.A. § 9721(b). "Nevertheless, a lengthy discourse on the trial court's sentencing philosophy is not required. Rather, the record as a whole must reflect the court's reasons and its meaningful consideration of the facts of the crime and the character of the offender." ***Commonwealth v. Malovich***, 903 A.2d 1247, 1253 (Pa. Super. 2006) (citations omitted).

In this case, before imposing sentence, the trial court observed:

> From the presentence report, it indicated that you are part of the city and you were part of the city's drug and violence problem. It indicated that you grew up with drug addicts and that you knew what drugs did to the community, and yet you continued to engage in selling them.
>
> We may never know what happened exactly in the alley in 2009, but we do know that Brandon Granthon is dead and that Mrs. Granthon will never have the opportunity to be with him.

- 10 -

> After looking at the presentence report as well as the guidelines, I don't believe I would be protecting the community if I lowered your sentence. You have a history of selling drugs, a history of violence, and a history of posing danger to the public.
>
> The presentence investigation indicated that you have developed a passion, and I hope you will continue to do that while you're incarcerated and not lose that passion for dogs. That's something that you actually found pleasure in; the problem is, Mr. Granthon will never have that type of pleasure because of your actions that day.
>
> Based on the presentence report, as well as the guidelines and the jury convicting you of the various charges, starting with criminal [conspiracy] murder, we sentence [Appellant] to [not less than twelve nor more than twenty-four] years in [s]tate prison.

(N.T. Resentencing, 9/29/16, at 14-15).[6]

We conclude that the above reasoning, as well as "the record as a whole[, ] reflect the court's reasons and its meaningful consideration of the facts of the crime and the character of [Appellant]." *Malovich*, *supra* at 1253 (citations omitted). Therefore, the trial court did not abuse its

_____

[6] The trial court mistakenly identified the criminal conspiracy count as criminal attempt. (*See* N.T. Resentencing, at 15). However, Appellant does not dispute that the court intended to sentence him on the conspiracy conviction. (*See* Information, 1/19/10, at 1-2; Appellant's Brief, at 18; Trial Ct. Op., at 3). Additionally, the court misspoke and said that the conspiracy sentence was not less than twelve nor more than forty-eight years. (*See* N.T. Resentencing, 9/29/16, at 15). However, there is no dispute that it actually sentenced Appellant to a term of incarceration of not less than twelve nor more than twenty-four years on the charge. (*See* Resentencing Order, 9/29/16, at unnumbered page 1; Appellant's Brief, at 9; Commonwealth's Brief, at 8; Trial Ct. Op., at 1).

discretion in imposing Appellant's sentence. ***See Glass***, ***supra*** at 727.

Appellant's second issue lacks merit.

Judgment of sentence affirmed.

Judge Lazarus joins the Memorandum.

President Judge Gantman concurs in the result.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/26/2017