J-A32017-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| WILLIAM JAMES COST, | : | |
| | : | |
| Appellant | : | No. 723 MDA 2017 |

Appeal from the Judgment of Sentence April 25, 2017
In the Court of Common Pleas of Lackawanna County
Criminal Division at No(s): CP-35-SA-0000152-2016,
CP-35-SA-0000153-2016

BEFORE:  OTT, J., DUBOW, J., and STRASSBURGER, J.*

CONCURRING MEMORANDUM BY STRASSBURGER, J.:

**FILED APRIL 24, 2018**

I agree with the Majority that Appellant's judgment of sentence should be affirmed.  I join the Majority Memorandum except as to allocution.

> The right to allocution is of ancient origin and requires the court to inform a defendant that he has the right to address the court prior to sentencing.  The failure to afford a criminal defendant the right to address the court prior to sentencing requires remand to allow allocution prior to resentencing.

***Commonwealth v. Hague***, 840 A.2d 1018, 1019 (Pa. Super. 2003) (citations omitted).

Nonetheless, this Court has "held that the denial of the right of allocution was a challenge to the discretionary aspects of the sentence, even though both a statute and a rule of criminal procedure mandated that a court provide

_____

* Retired Senior Judge assigned to the Superior Court.

allocution before sentencing." ***Commonwealth v. Robinson***, 931 A.2d 15, 21 (Pa. Super. 2007) (*en banc*). Specifically, we held that an allocution

> claim does not directly implicate the authority of the court to impose either the structure or term of the sentence itself. Rather, allocution is an underlying process through which the defendant is given the opportunity to speak, and through which the court may be inclined to grant leniency. Failure to grant a defendant this important right undoubtedly constitutes legal error. On the other hand, like most legal errors, it is nevertheless waivable under Pennsylvania law.

***Commonwealth v. Jacobs***, 900 A.2d 368, 376–77 (Pa. Super. 2006) (*en banc*) (citation omitted).

Requiring a defendant to raise the trial court's failure to advise him of his right to allocution *at the time of sentencing* or in a post-sentence motion in order to preserve it for appeal is inconsistent with the statutory mandate that the trial court advise a defendant of his right to allocution *at the time of sentencing*. If the defendant must raise the trial court's failure to advise him of the right to allocution at the same time as the trial court's mandate to advise him of the same, then the defendant must already be aware of the right to allocution, and the statutory mandate to advise him of that right serves no purpose.

Because the case law surrounding waiver of allocution claims is contrary to the spirit of the statutory mandate, I urge the Criminal Procedural Rules Committee to examine this issue more closely and resolve the obvious inconsistencies.