J-S72001-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JUAN CRISTO-MUNOZ, JR. | : | |
| | : | |
| Appellant | : | No. 780 MDA 2018 |

Appeal from the Judgment of Sentence April 11, 2018
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0001591-2017

BEFORE:  BOWES, J., SHOGAN, J., and KUNSELMAN, J.

MEMORANDUM BY BOWES, J.:                    **FILED APRIL 16, 2019**

Juan Cristo-Munoz, Jr. appeals from the judgment of sentence of two consecutive terms of life imprisonment without the possibility of parole ("LWOP") imposed after he pled guilty to two counts of first-degree murder and related charges.  Appellant's counsel has filed a petition to withdraw and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).  We grant counsel's petition to withdraw and affirm the judgment of sentence.

The Commonwealth charged Appellant with two counts each of criminal homicide and robbery, and one count each of burglary and criminal conspiracy to commit burglary, arising from a February 19, 2017 incident involving the stabbing deaths of two disabled brothers, Richard Walton and Leroy Kinsey. Appellant and his co-defendant, Joshua Michael Proper, forced their way into the brothers' home in Lancaster City, demanded money, and repeatedly

stabbed the brothers to death. N.T. Guilty Plea/Sentencing, 4/11/18, at 25-26. While this was occurring, a third resident was able to escape to the roof of the residence and call 911. *Id*. at 25. When they heard police radios, the co-defendants fled to the basement of the home, where they were apprehended. *Id*. at 25-26. When Appellant was discovered, he was wearing blood-soaked gloves and his clothing and shoes were covered in blood. Police recovered a knife from Appellant's sweatshirt, and two additional knives were located in close proximity to where he was hiding in the basement. *Id*. After being taken into custody, Appellant's co-defendant confessed to breaking into the residence to rob the victims, and stated that Appellant had stabbed both victims. *Id*. at 26.

The Commonwealth filed a Pa.R.Crim.P. 802 notice of intent to seek the death penalty on March 22, 2017. However, on April 11, 2018, Appellant appeared before the trial court to enter a negotiated guilty plea, under which the Commonwealth would waive the death penalty in exchange for Appellant's guilty plea to all of the charges. N.T. Guilty Plea/Sentencing, 4/11/18, at 30. The court engaged in a colloquy of Appellant, wherein he demonstrated a knowledge of the charges pending, the elements of the offenses, and the maximum penalties for each offense. *Id*. 3-18. Appellant verified his understanding that, in exchange for his guilty plea, he would give up his right

to a jury trial and receive consecutive LWOP sentences. *Id*. at 4, 20. The court's sentence was consistent with the negotiated plea agreement.[1]

No post-sentence motions were filed. Appellant filed a timely notice of appeal on May 10, 2018. The trial court ordered Appellant to file a concise statement of errors complained of on appeal. Appellant's counsel complied, listing four issues that Appellant wished to raise and indicating counsel's intent to file an *Anders* brief, explaining that he had been unable to discern any non-frivolous issues. On June 19, 2018, the trial court filed its Pa.R.A.P. 1925(a) opinion.

In this Court, counsel filed both an *Anders* brief and a petition to withdraw as counsel. Accordingly, the following principles guide our review of this matter:

> Direct appeal counsel seeking to withdraw under *Anders* must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an *Anders* brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof . . . .
>
> *Anders* counsel must also provide a copy of the *Anders* petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.
>
> If counsel does not fulfill the aforesaid technical requirements of *Anders*, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with *Anders* or file an

---

[1] Appellant was also ordered to pay $33,470.60 in restitution.

advocate's brief on Appellant's behalf).  By contrast, if counsel's petition and brief satisfy **Anders**, we will then undertake our own review of the appeal to determine if it is wholly frivolous.  If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence.  However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

**Commonwealth v. Wrecks**, 931 A.2d 717, 720-21 (Pa.Super. 2007) (citations omitted).  Our Supreme Court has clarified portions of the **Anders** procedure:

[I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must:  (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous.  Counsel should articulate the relevant facts of record, controlling case law, and/or statues on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, **supra** at 361.

Based upon our examination of counsel's petition to withdraw and **Anders** brief, we conclude that counsel has substantially complied with the technical requirements set forth above.  As required by **Santiago**, counsel set forth the case history, referred to issues that arguably support the appeal, stated his conclusion that the appeal is frivolous, and cited to controlling case law which supports that conclusion.  **See Anders** brief at unnumbered 5-6, 8-9.  Additionally, counsel gave Appellant proper notice of his right to

- 4 -

immediately proceed *pro se* or retain another attorney.[2] ***See Santiago***, ***supra***; Application for leave to withdraw, 10/5/18, at Exhibit A. Accordingly, we proceed to an independent examination of the record in order to discern if any non-frivolous issues exist. ***Commonwealth v. Dempster***, 187 A.3d 266, 273 (Pa.Super. 2018) (*en banc*).

Counsel identified four issues that Appellant wished to raise: (1) Appellant was not provided the opportunity to speak at his sentencing hearing or testify against his co-defendant; (2) the facts of the case, as outlined by the Commonwealth, were inaccurate and based upon a "corrupt source;" (3) the Assistant District Attorney insulted Appellant by calling him a "monster;" and (4) Appellant was subjected to torture and malnourishment during his stay at Lancaster County prison. ***Anders*** brief at unnumbered 8.

We first consider whether Appellant has any viable claim regarding allocution at sentencing. The right of allocution is guaranteed by Pa.R.Crim.P. 704(c)(1) and the sentencing code. 42 Pa.C.S. § 9752(a)(2). The Supreme Court has interpreted Rule 704 broadly, expanding its protections to require the trial court to inform a defendant of his right to speak at sentencing. ***Commonwealth v. Hague***, 840 A.2d 1018, 1019 (Pa.Super. 2003).

Our independent review of the record reveals that Appellant was given the opportunity to speak at sentencing. Trial Court Opinion, 6/19/18, at 6.

---

[2] Appellant did not file a response to counsel's petition.

Specifically, Appellant was advised of his right to make a statement and provided with an opportunity to do so, but he declined. N.T. Guilty Plea/Sentencing, 4/11/18, at 31-32. As Appellant was afforded his right to allocution, this claim is frivolous.

Appellant's additional argument, that he was denied the opportunity to testify against his co-defendant, is also frivolous. Although appellate counsel and the trial court maintain that co-defendant has yet to proceed to trial, there is no indication in the record as to the status of co-defendant's case. Regardless, Appellant is not entitled to testify at his co-defendant's trial. Stated plainly, the decision to present a witness in a criminal prosecution rests with the Commonwealth, not Appellant. Also, there is no indication, from a review of the record, that Appellant's plea was predicated on such a commitment.

Next, Appellant alleges that the factual summary was inaccurate, as it contained his co-defendant's statement that Appellant was the primary actor. We disagree. When the Court asked the Commonwealth to state the factual basis for the plea, the Commonwealth responded as follows:

> Your Honor, on February 19th of 2017, at approximately 1:05 a.m., officers from the Lancaster City Bureau of Police were dispatched to 627 Poplar Street for a burglary in progress.
>
> Upon arrival, officers were able to observe a male in the living room area bleeding heavily from the upper body area. Officers forced entry into the residence and found Leroy Kinsey, who had been in a wheelchair, deceased and covered in blood. Blood was observed on the wall and ceiling of the main living room as well.

Officers continued to search the residence for additional victims and went to the second floor of the residence and immediately came upon a second deceased victim in the front bedroom.

The second victim, identified as Richard Walton, was on the bed and covered in blood, having sustained trauma to his upper and lower body. Mr. Walton was an amputee.

A third resident, Brian Taska, was able to escape onto the roof of the house and call 911.

As officers continued their search throughout the residence, they located [Appellant] attempting to conceal himself in the basement area, along with [co-defendant].

[Appellant] was located near the exit of the basement with a hooded sweatshirt and blood-soaked gloves on his hands, a black fingerless glove on his left hand and a yellow latex glove on his right hand.

[Appellant's] clothing and shoes were covered in blood. A knife was located in [Appellant's] middle sweatshirt, and two additional knives in close proximity to where he was located were also recovered.

[Appellant and co-defendant] were both taken into custody and transported to the police station.

[Co-defendant] immediately confessed to detectives that he and [Appellant] broke into the residence to rob the residents inside and then began stabbing Mr. Kinsey multiple times in the chest, shoulder, and neck area.

Both men then went to the second floor and [Appellant] stabbed Mr. Walton, using a large sword, in the torso and leg area, causing massive trauma.

When [Appellant and co-defendant] heard police radios, they ran to the basement and hid from the police.

Additionally, during this brutal attack of Mr. Kinsey and Mr. Walton, their pet dog suffered lacerations at some point during

the incident but was able to escape the home. The dog received emergency treatment at PETS for the knife wounds she sustained.

During these horrific acts, Mr. Kinsey was stabbed and cut over ten times and suffered a broken nose. He also had defensive wounds to the back of his hand.

Mr. Walton was stabbed 54 times and also had defensive wounds to the back of his hands consistent with [Appellant's] knife wounds to his hands that had to be treated that night at the hospital.

Mr. Walton had multiple bruises over his mouth area that were compatible also with suffocation.

Dr. Ross determined the causes of death to be multiple traumatic injuries and the manner of death for both Mr. Kinsey and Mr. Walton to be homicide.

Both of these crimes occurred in Lancaster County, within this [c]ourt's jurisdiction.

*Id*. at 24-27.

At the conclusion of the summary, Appellant was asked if the factual summary was correct. *Id*. at 27. He responded in the affirmative. *Id*. Subsequently, he pled guilty to all of the charges, acknowledging that he performed the acts outlined in the factual basis for the plea. Therefore, because Appellant twice admitted to the details of the crimes outlined in the factual basis, his claim is frivolous.

Appellant further argues that the Commonwealth's usage of the term "monster" during sentencing was "insulting." *Anders* brief at unnumbered 8. Specifically, the Assistant District Attorney stated the following:

Juan Munoz is a monster and state prison is definitely where he belongs. He brutally stabbed and killed two brothers, two

disabled brothers. He slaughtered them with multiple knives and swords.

*Id*. at 31. Importantly, the trial court found that "the remarks played absolutely no part in the imposition of the negotiated sentence." Trial Court Opinion, 6/19/18, at 9. The certified record supports this finding. Since, the trial court imposed the negotiated sentence, Appellant was not prejudiced by the prosecutor's argument.

Finally, Appellant contends that he was subjected to "torture and malnourishment" during his fourteen month stay at Lancaster County prison. Pursuant to the Pennsylvania statute governing prison litigation, claims challenging the conditions of confinement are separate and distinct from criminal proceedings "challenging the fact or duration of confinement in prison." 42 Pa.C.S. § 6601. Accordingly, this claim is not cognizable on direct appeal from Appellant's judgment of sentence.

Further, we have conducted a "full examination of the proceedings" and determined that "the appeal is in fact wholly frivolous."[3] *Commonwealth v. Flowers*, 113 A.3d 1246, 1248 (Pa.Super. 2015). Since our review did not

_____

[3] We undertook our review mindful of the fact that "upon entry of a guilty plea, a defendant waives all claims and defenses other than those sounding in the jurisdiction of the court, the validity of the plea, and what has been termed the 'legality' of the sentence imposed." *Commonwealth v. Eisenberg*, 98 A.3d 1268, 1275 (Pa. 2014). No viable claims or defenses on those subjects are apparent from the record before us.

disclose any other arguably meritorious claims, we grant counsel's petition to withdraw and affirm the judgment of sentence. ***Dempster***, ***supra*** at 273.

Petition of Edwin G. Pfursich, Esquire, to withdraw as counsel is granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/16/2019