J-S38027-19

## NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT BRUNDAGE, JR. | : | |
| | : | |
| Appellant | : | No. 567 EDA 2019 |

Appeal from the Judgment of Sentence Entered August 20, 2015
In the Court of Common Pleas of Wayne County Criminal Division at
No(s): CP-64-CR-0000033-2014

BEFORE:   OTT, J., DUBOW, J., and COLINS*, J.

MEMORANDUM BY DUBOW, J.:                    **FILED SEPTEMBER 10, 2019**

Appellant, Robert Brundage, Jr., appeals from the August 20, 2015 Judgment of Sentence imposed after he entered an open guilty plea to one count of Criminal Attempt-Criminal Homicide.[1] On appeal, Appellant challenges the discretionary aspects of his sentence. After careful review, we affirm.

We glean the following factual and procedural history from this Court's June 26, 2018 unpublished memorandum and the certified record. On May 7, 2015, the Appellant entered an open guilty plea to one count of Criminal Attempt-Criminal Homicide. The trial court ordered a Pre-Sentence Investigation ("PSI"). Appellant submitted a pre-sentence memorandum,

_____

[1] 18 Pa.C.S. § 901(a).

_____

*   Retired Senior Judge assigned to the Superior Court.

which included letters from family members, friends, and co-workers attesting to Appellant's good character.

On August 20, 2015, the court held a sentencing hearing, at which Appellant exercised his right to allocution. In addition, the Victim testified on Appellant's behalf, and Appellant's counsel argued for a mitigated range sentence. The sentencing court denied Appellant's request to have one family member speak on behalf of his extensive family, but the court indicated it had considered letters submitted from Appellant's family members.[2] Appellant's counsel did not object.

After reviewing Appellant's sentencing report, PSI, numerous letters from family members, friends, and co-workers, and testimony, the sentencing court declined to impose a mitigated range sentence, and sentenced Appellant to a standard range sentence of 96 to 240 months' imprisonment.

Appellant filed a Motion for Reconsideration of Sentence, which the trial court denied. Appellant did not file a direct appeal.

---

[2] The court explained that based on past negative experiences, it had a policy of precluding family members from speaking on behalf of defendants at sentencing hearings. N.T. Sentencing, 8/20/15, at 12.

Upon the reinstatement of his appellate rights *nunc pro tunc* after a PCRA[3] proceeding,[4] this timely appeal followed. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant raises the following two issues on appeal:

1. Did the trial [c]ourt commit reversible error where its policy of refusing to hear from defense witnesses [wa]s in clear violation of the Sentencing Code?

2. Did the trial [c]ourt arrive at a manifestly unreasonable sentence for [Appellant] considering the discretionary aspects of sentencing?

Appellant's Br. at 7.

In his first issue, Appellant asserts that his sentence was unreasonable because the sentencing court's policy of prohibiting defendants' family members from testifying at the sentencing hearing denied him the opportunity to present mitigating evidence relevant to sentencing in violation of his right to allocution. Appellant's Br. at 8, 13, 19, 23-26 (citing 42 Pa.C.S. § 9752 and Pa.R.Crim.P. 704(C)(1)). In his second issue, Appellant asserts that he should have been sentenced in the mitigated range based on his level of cooperation, the Victim's testimony at sentencing, his remorse, and his rehabilitation. **Id.** at 28-29. Both of Appellant's issues challenge the discretionary aspects of sentencing.

---

[3] Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546.

[4] **Commonwealth v. Brundage**, No. 3549 EDA 2017, unpublished memorandum at 11 (Pa. Super. filed June 26, 2018).

Challenges to the discretionary aspects of sentencing are not automatically reviewable as a matter of right. ***Commonwealth v. Hunter***, 768 A.2d 1136, 1144 (Pa. Super. 2001). Prior to reaching the merits of a discretionary sentencing issue, we must determine: (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief sufficiently addresses the challenge in a statement included pursuant to Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code. ***Commonwealth v. Evans***, 901 A.2d 528, 533 (Pa. Super. 2006).

With respect to the second factor, a defendant must object and request a remedy at sentencing, or raise the challenge in a post-sentence motion. ***Commonwealth v. McAfee***, 849 A.2d 270, 275 (Pa. Super. 2004). The Pennsylvania Rules of Criminal Procedure specifically caution defendants that, when filing Post-Sentence Motions, "[a]ll requests for relief from the trial court shall be stated with specificity and particularity[.]" Pa.R.Crim.P. 720(B)(1)(a). ***See Commonwealth v. Tejada***, 107 A.3d 788, 798-99 (Pa. Super. 2015) (noting that the trial court must be given the opportunity to reconsider its sentence either at sentencing or in a post-sentence motion). ***See, e.g., Commonwealth v. Mann***, 820 A.2d 788, 793-94 (Pa. Super. 2003) (holding that defendant waived discretionary aspects of sentencing claim regarding sentencing court's failure to state the reasons for his sentence on the record where defendant filed a post-sentence motion, but only argued that his

sentence was unduly severe and the trial court abused its discretion under the sentencing code).

Appellant did not preserve this first issue at sentencing. During the hearing, Appellant's counsel inquired about whether one of his family members could speak on behalf of Appellant's extended family, stating, "I just didn't know if the [c]ourt would entertain that at this time." N.T. Sentencing at 5. The court answered, "No. No[,]" to which Appellant's counsel responded, "Fair enough, Your Honor." *Id.* After the court explained the reasons for its policy of not allowing family members to testify on a defendant's behalf, Appellant did not object. *Id.* at 12-15.

Appellant also did not preserve the issue in a post-sentence motion. In his Post-Sentence Motion, he argued only that a low-end standard range sentence or a mitigated range sentence was warranted in this matter based on his acceptance of responsibility, remorse, rehabilitative efforts, past record, age, family ties, work history, and community reputation. Motion for Reconsideration of Sentence, filed 8/25/15. He did not challenge the court's refusal to allow a family representative to testify at sentencing or the trial court's policy of prohibiting Appellant's family members from testifying at the sentencing hearing. Because Appellant failed to preserve the issue at sentencing or a post-sentence motion, his first issue is waived.[5]

---

[5] Appellant also asserts that his right to allocution was denied because his family representative was not allowed to testify. This is not a legally

However, Appellant properly preserved his second issue—that the sentencing court should have sentenced him in the mitigated range rather than the standard range—by preserving the issue in a Post-Sentence Motion and including a statement pursuant to Pa.R.A.P. 2119(f) in his brief. **See** Appellant's Br. at 14-15. Thus, we proceed to address whether this sentencing challenge raises a substantial question for our review.

Whether a substantial question has been raised regarding discretionary sentencing is determined on a case-by-case basis. **Commonwealth v. Moury**, 992 A.2d 162, 170 (Pa. Super. 2010). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." **Id.** (citation and quotation omitted).

Here, the trial court imposed a standard range sentence, but Appellant avers that the trial court should have imposed a mitigated-range sentence based on his cooperation, the Victim's testimony, his remorse, and his subsequent rehabilitation. Appellant's Br. at 28-29.

_____

sustainable assertion. A defendant's right to allocution is personal to the defendant. **See Commonwealth v. Thomas**, 553 A.2d 918, 919 (Pa. 1989) (discussing the history of the right of a defendant "to personally address the court prior to sentencing"). **See also Commonwealth v. Hague**, 840 A.2d 1018, 1019 (Pa. Super. 2003) (holding that the right to allocution requires the court to inform a defendant that he has the right, and afford a defendant the right, to address the court prior to sentencing). The right to allocution does not include a right to have family members speak on a defendant's behalf. Here, Appellant did exercise his right to allocution. N.T. Sentencing at 10-11.

Claims that the sentencing court did not adequately consider mitigating factors generally do not raise a substantial question. *Commonwealth v. Disalvo*, 70 A.3d 900, 903 (Pa. Super. 2013). A specific claim that the court refused to weigh mitigating factors as an appellant wished, absent more, does not raise a substantial question. *Moury*, 992 A.2d at 175; *Commonwealth v. Zirkle*, 107 A.3d 127, 133 (Pa. Super. 2014) ("[W]e have held that a claim that a court did not weigh the factors as an appellant wishes does not raise a substantial question").

Appellant's claim amounts to no more than a bald allegation that the court abused its discretion in failing to consider mitigating factors as he wished. Pursuant to the above case law, Appellant has failed to raise a substantial question.[6] His challenge to the discretionary aspects of his sentence, thus, fails.

Judgment of Sentence affirmed.

_____

[6] Even if his argument had raised a substantial question, we would conclude that there is no merit to Appellant's challenge. The trial court considered the Appellant's sentencing report, PSI, acceptance of responsibility, prior convictions, gravity of the offense, rehabilitation, numerous letters from family members, the Victim's testimony, Appellant's allocution, and the sentencing guidelines. N.T. Sentencing at 11-15. Additionally, the court sentenced Appellant within the standard range of the sentencing guidelines. *Id.* at 15. "[W]here a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code." *Moury*, 992 A.2d at 171.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/10/19