J-A07023-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CRAIG E. MOSS | : | |
| | : | |
| Appellant | : | No. 1256 MDA 2020 |

Appeal from the Judgment of Sentence Entered July 21, 2020
In the Court of Common Pleas of Franklin County Criminal Division at
No(s):  CP-28-CR-0001036-1996

BEFORE:   BOWES, J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED MAY 21, 2021**

Appellant, Craig E. Moss, appeals *pro se* from the July 21, 2020 Judgment of Sentence entered in the Franklin County Court of Common Pleas following remand from this Court for resentencing on the issue of restitution. After careful review, we again vacate and remand for resentencing on the issue of restitution.

The relevant facts and procedural history are as follows.  On April 15, 1996, Appellant set fire to the apartment of a person with whom he had had an argument.  The apartment was located in a multi-unit building owned by Lillian Stevens and contained ten fully-furnished units.  The fire caused extensive damage to the apartment building, as well as to the furniture and appliances inside, and rendered some units uninhabitable.  Penn National

_____

[*] Former Justice specially assigned to the Superior Court.

Insurance insured the building and, in the months following the fire, paid approximately $66,000 in claims to Ms. Stevens.

The Commonwealth charged Appellant with numerous offenses arising from the fire. On January 13, 1997, Appellant pleaded *nolo contendere* at Docket No. 1036-1996 to one count of Arson Placing Another Person in Danger of Death or Bodily Injury,[1] the victims of which were Lillian Stevens and Robert Eyler. In exchange for Appellant's *nolo contendere* plea, the Commonwealth *nolle prossed* one count of Criminal Mischief, and eight counts of Recklessly Endangering Another Person ("REAP"), as well as two counts of Robbery and Theft by Unlawful Taking filed at an unrelated docket, Docket No. 776-1996.[2] The court deferred sentencing pending preparation of a Pre-Sentence Investigation ("PSI") Report.

On March 5, 1997, the trial court sentenced Appellant on the Arson conviction at Docket No. 1036-1996 to 42 to 240 months of confinement and ordered Appellant to pay restitution as follows: $10,500 to Lillian Stevens,

---

[1] 18 Pa.C.S. § 3301(a)(1).

[2] The Commonwealth charged Appellant with these crimes arising from a robbery at the Best Western Hotel in Waynesboro.

$4,305 to Robert Eyler, $66,730.51 to Penn National Insurance,[3] and $423.50 to Best Western of Waynesboro.[4]

This Court affirmed Appellant's Judgment of Sentence on December 5, 1997. ***See Commonwealth v. Moss***, 706 A.2d 1256 (Pa. Super. 1997) (unpublished memorandum). Between 1998 and 2005, Appellant filed six Post Conviction Relief Act ("PCRA") Petitions, none of which garnered relief.

On September 29, 2017, Appellant filed a Motion to Vacate and Correct Illegal Sentence seeking modification or vacatur of allegedly illegal aspects of his sentence of restitution under 18 Pa.C.S. § 1106. The trial court dismissed the Motion as an untimely PCRA Petition and Appellant appealed. This Court reversed and remanded for consideration of the merits of Appellant's Motion. ***See Commonwealth v. Moss***, 209 A.3d 476 (Pa. Super. 2019) (unpublished memorandum).

Following a hearing, on April 16, 2019, the trial court again denied Appellant's Motion to Vacate and Correct Illegal Sentence, concluding that Appellant was not entitled to relief. Appellant again appealed and this Court vacated Appellant's Judgment of Sentence in part, and remanded for

---

[3] Appellant's PSI Report suggested that this restitution award was for "numerous victims who lived in building" but did not provide any specifics, such as the victims' names. PSI Report, 2/24/97, at 2, 12 (unnecessary capitalization omitted).

[4] The court inexplicably ordered restitution to Best Western even though the charges arising from the robbery at the Best Western were filed at a separate docket number and were *nolle prossed* in exchange for Appellant's guilty plea to Arson.

- 3 -

resentencing on the issue of restitution. ***See Commonwealth v. Moss***, 2020 WL 89205, at *1 (Pa. Super. filed January 6, 2020) (unpublished memorandum). In particular, this Court directed the trial court to (1) determine the "amount of loss or damage caused, how it should be paid, and whether the amount the victims were compensated by insurance were properly excluded from the restitution;" (2) not impose an award of restitution to Best Western who was not a victim of the crime to which Appellant pleaded guilty, *i.e.*, Arson; and (3) determine whether the restitution award to Penn National Insurance was paid to compensate the insurance company for payments it made for claims arising from the arson and not any of the counts *nolle prossed* by the Commonwealth. ***Id.*** at 10-11, 14-15, 15 n.3

Following remand, the trial court held a telephonic hearing on June 4, 2020. The Commonwealth presented the testimony of Franklin County Adult Probation Officer Vonda Shatzer and Lillian Auman.[5] It also presented the court with an email between Penn National Insurance and the Franklin County District Attorney's Office purporting to show that Penn National Insurance paid its insured $66,230.57 as a result of the fire caused by Appellant. At the conclusion of the hearing, Appellant's counsel notified the court that Appellant

---

[5] Lillian Stevens now goes by the last name Auman. The Commonwealth also sought the testimony of Robert Eyler, but he was unavailable.

wished to make a statement. The court did not permit Appellant to address it.

On July 21, 2020, the trial court ordered Appellant to pay $10,500 to Lillian Auman[6] and $66,230.57 to Penn National Insurance. The court did not reimpose restitution in Robert Eyler's favor because the Commonwealth did not provide evidence at the hearing to support such an award. The court noted, however, that Appellant had already paid $4,305 to Mr. Eyler, and, accordingly, the court directed Appellant "to move the court by way of written motion including statutory and case law authority as to the manner in which the amounts previously paid may be returned to [Appellant] or applied to Lillian Auman or Penn National Insurance." Trial Ct. Op., 7/21/20, at 8 (unpaginated). Appellant did not file a Post-Sentence Motion.

On August 6, 2020, Appellant's counsel filed a Motion to Withdraw as Counsel and Request for a *Grazier*[7] hearing, indicating that Appellant had informed her that he wished to proceed *pro se* and had requested that counsel withdraw her appearance. The court scheduled a hearing on counsel's Motion for October 19, 2020.

Meanwhile, on August 19, 2020, Appellant filed numerous *pro se* pleadings, including a Notice of Appeal from the July 21, 2020 Judgment of Sentence, a request to proceed *pro se*, a "Motion for Return of Money Paid for

---

[6] The court credited Appellant the $3,552.55 that Officer Shatzer testified Appellant had already paid Ms. Auman.

[7] *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998).

Restitution that was Vacated," and a Memorandum of Law in support of the Motion. The court accepted the Notice of Appeal ordered Appellant to file a Rule 1925(b) Statement.

The court did not, however, accept Appellant's "Motion for Return of Money." Instead, the court directed that the Motion be returned to the "Clerk of Courts with no action taken" and instructed Appellant's counsel to review it and "thereafter take whatever action deemed necessary." Order, 8/20/20, at 2 (unpaginated) (emphasis omitted). Counsel did not file a "Motion for Return of Money" on Appellant's behalf.

On September 9, 2020, Appellant *pro se* filed a Rule 1925(b) Statement as directed by the trial court. On September 28, 2020, the trial court filed a Rule 1925(a) Opinion.[8]

Appellant raises the following four issues in his *pro se* Brief:

1. Did the sentencing court deprive [Appellant] of his due process rights when it denied [Appellant's] right of allocution?

2. Did the court violate[] the terms of Appellant['] plea agreement when it imposed restitution to Penn [N]ational [I]nsurance?

3. Did the court err when it imposed restitution to Lillian Auman?

4. Is Appellant entitled to the return of [] money paid for acts Appellant has subsequently been acquitted on?

Appellant's Brief at 2.

---

[8] On January 12, 2021, this Court remanded this matter to the trial court for the court to conduct a ***Grazier*** hearing. The court held the hearing on January 19, 2021, after which it concluded that Appellant knowingly and intelligently waived his right to counsel and discharged Appellant's counsel.

In his first issue, Appellant claims that the trial court denied him his due process rights by preventing him from addressing the court at his resentencing hearing. *Id.* at 3-4. Appellant asserts that his counsel informed the court that Appellant wished to make a statement, but that the court refused Appellant that right, stating "what does he need to speak for[,] he has you." *Id.* at 3. *See also* N.T., 6/4/20, at 39.

Our rules of criminal procedure provide that "[a]t the time of sentencing, the judge shall afford the defendant the opportunity to make a statement in his or her behalf and shall afford counsel for both parties the opportunity to present information and argument relative to sentencing." Pa.R.Crim.P. 704(C)(1). *See also* 42 Pa.C.S. § 9752(a)(2) (providing that the court shall "[a]fford to the defendant the right to make a statement.").

"What effect the exercise of the right of allocution might have on the subjective process of sentencing can never be known with such certainty that a reviewing court can conclude there was no prejudice in its absence." *Commonwealth v. Thomas*, 553 A.2d 918, 919 (Pa. 1989). "The significance of allocution lies in its potential to sway the court toward leniency prior to imposition of sentence. Thus, "[t]he failure to afford a criminal defendant the right to [allocution] requires remand to allow for allocution prior to resentencing." *Commonwealth v. Hague*, 840 A.2d 1018, 1019 (Pa. Super. 2003).

However, "in order to preserve a claim of error pertaining to the right of allocution, the defendant must raise the claim before the trial court at the time

- 7 -

of sentencing or in a post-sentence motion, or suffer waiver of the claim on appeal." **Commonwealth v. Hardy**, 99 A.3d 577, 579 (Pa. Super. 2014) (citing **Commonwealth v. Jacobs**, 900 A.2d 368, 372 (Pa. Super. 2006) (*en banc*)).

In its Rule 1925(a) Opinion, the trial court suggested that Appellant has waived this issue by not raising it at sentencing or in a post-sentence motion. Op., 9/28/20, at 4. Appellant, in his Brief, disputes this, noting that his counsel "unequivocally told that court that Appellant wanted to address the court . . . clearly showing that Appellant wanted to exercise his right." Appellant's Brief at 4. We agree with Appellant that he preserved this issue by raising it at sentencing.

The Notes of Testimony from the June 4, 2020 hearing reflect that at the conclusion of the hearing, Appellant's counsel unequivocally informed the court that Appellant requested to make a statement. The court replied "[w]hy would he want to do that when he has you arguing for him." N.T., 6/4/20, at 39. Although Appellant's counsel explained to the judge what she thought Appellant intended to say to the court, the court did not permit Appellant to address the court himself. Our case law is clear that the failure of the court to permit Appellant to address it before imposing sentence constitutes reversible error. We, therefore, vacate that portion of Appellant's sentence

imposed by Order dated July 21, 2020, and remand for resentencing in accordance with this Court's January 6, 2020 Memorandum.[9]

Judgment of Sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/21/2021

---

[9] In light of our disposition of this issue, we need not address the remaining issues presented in Appellant's Brief.